*James Lister, ABA #1611111*
*D. Joseph Towslee, Jr., ABA #2402016*
Birch Horton Bittner & Cherot
Suite 350, 1150 Connecticut Ave., N.W.
Washington, D.C. 20036-4165
JLister@bhb.com
Telephone 202-862-8368
Facsimile 202-659-1027

Attorneys for Plaintiffs ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. DEPARTMENT OF THE INTERIOR, <br><br> Defendants. | Case No.: CaseNumber |

## **COMPLAINT**

COMES NOW Plaintiff, Alaska Industrial Development and Export Authority ("AIDEA"), by and through undersigned counsel, hereby brings this civil action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the above-listed Defendant, the United States Department of the Interior ("DOI") for declaratory and injunctive relief. Plaintiff alleges as follows:

# INTRODUCTION

1. In December 2022, AIDEA sent a FOIA request ("First Request") to DOI seeking records related to how senior government officials developed environmental policy that will directly affect AIDEA's commercial and conservational interests. The First Request concerned two projects in northern Alaska: (a) oil and gas development of the Coastal Plain of the Arctic National Wildlife Refuge ("ANWR" and "ANWR Coastal Plain") and (b) the Ambler Road. AIDEA is the project proponent for the Ambler Road project and is (or was) the major leaseholder in the ANWR Coastal Plain Project.

2. On November 21, 2023, AIDEA sent amended FOIA requests ("Amended Requests") relating to materials held by DOI to the following DOI components: Office of the Secretary; Bureau of Land Management ("BLM"); and the Fish and Wildlife Service. The Amended Requests revised the First Request after AIDEA consulted with the Anchorage Office of Regional Solicitor, Interior.

3. To date, the Amended Requests issued to DOI have not received a timely determination, nor has any of the DOI components which received the Amended Requests produced the requested records. AIDEA by this lawsuit asks that the Court measure FOIA deadlines from the date of the Amended Requests, not the earlier dates of the First Request. Even with the benefit of that extra time, DOI has come nowhere close to meeting the deadlines set forth in FOIA for agencies to make determination on FOIA requests.

## PARTIES

4. Plaintiff AIDEA is a public corporation of the State of Alaska. AIDEA was established to provide financing for Alaskan businesses to expand the economy of the state and provide jobs for Alaska. AIDEA's mission is helping finance businesses, diversify the economy of Alaska, and create jobs for Alaskans. AIDEA accomplishes its mission through various means of financing and by facilitating the financing of businesses in Alaska. Additionally, AIDEA has the ability to own and operate facilities that advance this goal.

5. Defendant DOI is an agency as defined under 5 U.S.C. § 552(f)(1). DOI includes BLM, the Fish and Wildlife Service, and the Office of the Secretary. DOI and its components have possession, custody, and control of records to which AIDEA seeks access and that are the subject of this Compliant.

## JURISDICTION AND VENUE

6. Jurisdiction is asserted pursuant to 25 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper pursuant to 28 U.S.C. § 552(a)(B).

## BACKGROUND

### Oil and Gas Leases in the ANWR Coastal Plain

8. The "Coastal Plain" refers to an extensive oil and gas program area located in the far north of the Arctic National Wildlife Refuge in Alaska. The Arctic National Wildlife Refuge is administered by DOI through both the Fish and Wildlife Service and BLM. The Fish and Wildlife Service manages most activities on the

Refuge while BLM participates in decision-making concerning oil and gas matters, including implementation of the Tax Act, P.L. 115-97, § 20001. DOI's Office of the Secretary is the headquarters office that oversees these and other DOI components.

9. In the Tax Cut and Jobs Act of 2017, P.L. 115-97, § 20001 ("Tax Act"), Congress required the Secretary of the Interior, via BLM, to "establish and administer a competitive oil and gas program for the leasing, development, production, and transportation of oil and gas in and from the Coastal Plain." Tax Act, § 20001(a)(2), (b)(2).

10. In addition, Congress directed the Secretary to "manage the oil and gas program on the Coastal Plain in a manner similar to the administration of lease sales under the Naval Petroleum Reserves Production Act of 1976 (42 U.S.C. 6501 *et seq.*) (including regulations),"*id.* § 20001(b)(3), and to "conduct not fewer than 2 lease sales area-wide under the oil and gas program under this section by not later than 10 years after the date of the enactment of this Act." *Id.* § 20001(c)(1)(A). The first of these two lease sales was to be completed within four years of the date of enactment, which would be by the end of 2021. *Id.* § 20001(c)(1)(B)(ii)(I).

11. Once the bid process was completed, BLM issued leases for nine tracts of land, to comply with the Tax Act's requirement that DOI offer at least 400,000 acres of the Coastal Plain for lease by December, 2021. AIDEA was the

successful bidder for the majority of the leases and entered into seven oil and gas lease-agreements with DOI for ten-year terms on tracts within the Coastal Plain.

12. On the first day of his presidency, President Biden issued Executive Order No. 13990. This executive order directed Interior to "place a temporary moratorium on all activities of the Federal Government relating to the implementation of the Coastal Plain Oil and Gas Leasing Program" and to conduct a new environmental impact analysis of the program. Exec. Order No. 13990, § 49(a), 86 Fed. Reg. 7037, 7039 (Jan. 25, 2021).

13. Due to this executive order, BLM suspended the awarded oil and gas leases in the Coastal Plain and initiated the preparation of a supplemental environmental impact statement. On September 6, 2023, BLM notified the public that it had completed a draft of that statement, which it published in the Federal Register two days later. *Notice of Availability of the Draft Coastal Plain Oil and Gas Leasing Program Supplemental Environmental Impact Statement*, 88 Fed. Reg. 62104 (Sept. 8, 2023). AIDEA filed timely comments on this document.

14. Also on September 6, 2023, DOI announced that the Secretary of the Interior had decided to cancel all of AIDEA's leases, which were all of the awarded oil and gas leases in the Coastal Plain that had been issued pursuant to the 2021 sale that had not already been voluntarily surrendered by the lessees. *See* DOI Press Release, *Biden-Harris Administration Takes Major Steps to Protect Arctic Lands and Wildlife in Alaska* (Sept. 6, 2023), available at https://www.doi.gov/pressreleases/biden-harrisadministration-takes-major-steps-

protect-arctic-lands-and-wildlife-alaska. DOI Secretary Haaland explained the decision to cancel AIDEA's leases in remarks to the press given that day.[1] AIDEA through the Amended Requests is seeking documents concerning DOI's decision-making regarding the ANWR Coastal Plain oil and gas project.

### Ambler Road Development

15. This FOIA matter also concerns the Ambler Road project. Section 201(4)(b) of the Alaska Native Interest Lands Conservation Act ("ANILCA") declares that Congress recognizes a "need for access for surface transportation purposes" congruent with the right-of-way proposed "across the Western (Kobuk River) unit of the Gates of the Arctic National Preserve." Section 201 explains further that Congress determined it was in the public interest to build a road from the Pipeline Haul Road (a/k/a the Dalton Highway) to the Amber Mining District, meaning the road would cross additional federal lands, as well as Gates of the Arctic National Preserve.

16. Consistent with this provision, in June 2016, AIDEA submitted an application for the Ambler Mining District Industrial Access Project ("Ambler Road") for the construction and operation of an all-season controlled-access industrial road connecting the Ambler Mining District with the Dalton Highway; 26 of Ambler

---

[1] The Secretary's remarks are available at: https://www.npr.org/2023/09/06/1197945859/anwr-alaska-drilling-oil-gas-leases-environment-energy-climate-change#:%7E:text=The%20administration%20is%20required%20to,lease%20sale%20by%20December%202024

Road's approximately 200 miles are located within the Gates of the Arctic National Preserve ("GAAR"). Other segments of the proposed route cross other federal land managed by BLM.

17. DOI and its components were required to evaluate the application in accordance with § 201(4) of ANILCA and any other applicable law.

18. In April 2020, BLM entered into a Section 106 Programmatic Agreement with the Alaska State Historic Preservation Officer and Advisory Council on Historic Preservation, in accordance with Section 106 of National Historic Preservation Act of 1966 (NHPA), as amended (54 USC 300101 et seq.), which requires federal agencies to take into account effects on historic properties and afford the Advisory Council on Historic Preservation (ACHP) a reasonable opportunity to comment, prior to any qualifying federal authorization or qualifying expenditure of federal funds. The Programmatic Agreement memorialized the standards and conditions BLM would enforce and execute in order to comply with the parties to the agreement. AIDEA also executed the Programmatic Agreement.

19. Additionally, another DOI component, the National Park Service (NPS), in cooperation with the U.S. Department of Transportation, Federal Highway Administration, prepared an environmental and economic analysis (EEA) in lieu of an environmental impact statement in accordance with ANILCA Section 201(4) and the implementing regulations. The EEA identified AIDEA's proposed route as the preferred route for the Project.

20. In a July 2020 Joint Record of Decision by the Secretaries of the Interior and Transportation, the agencies adopted the recommendation of the EEA and granted AIDEA's request for the 26-mile right-of-way through GAAR, along with a right-of-way for route portions outside GAAR that crossed federal lands managed by BLM.

21. Plaintiffs opposing the Ambler Road filed lawsuits for judicial review in the U.S. District Court of Alaska in the *Northern Alaska Environmental Council v. Haaland*, Case No. 3:20-cv-187-SLG and *Alatna Village Council v. Heinlein*, Case 3:20-cv-253-SLG D. Alaska 2020).

22. After the Biden Administration took over the defense of the case from the Trump Administration, the federal agencies filed a motion for voluntary remand in February 2022, stating that at least some aspect of their earlier approvals of the rights-of-way may have been erroneous. The federal agencies then suspended the rights-of-way in March 2022 and proceeded to announce an environmental re-assessment, citing deficiencies within the previous EEA and Joint Record of Decision.

23. In September 2022, BLM published a Notice in the Federal Register seeking comments on the "scope" of the environmental re-assessment it would conduct and recently received public comments it will then consider before making a final decision on remand. In October, 2023, BLM published in the Federal Register a Notice of Availability of the Ambler Road Draft Supplemental Environmental Impact Statement, Alaska, 88 Fed.Reg. 72532 (Oct. 20, 2023)

("Ambler Road Draft SEIS"). AIDEA filed timely comments on the Ambler Road Draft SEIS.

24. AIDEA through the Amended Requests under FOIA seeks documents pertaining to DOI's decision-making on the Ambler Road project,

## FACTS

25. By letter, dated December 30, 2022, AIDEA submitted the First Request via www.foiaonline.gov/ online portal to BLM.[2]

26. In July 2023, BLM requested that AIDEA revise and narrow the scope of its First Request. Thereafter, AIDEA consulted with the Anchorage Office of Regional Solicitor to prepare the Amended Request.

27. As a result, on November 21, 2023, AIDEA issued a copy of the Amended Request to each of the following: Department of Interior, Office of the Secretary; BLM; and the Fish and Wildlife Service. **Exhibit 1A, 1B, and 1C.**

28. Among other amendments, AIDEA narrowed the scope of the document requested.

29. AIDEA further indicated in the Amended Request that it sought "to work with the agency to ensure efficient and reasonable production of responsive documents." *Id.*

---

[2] The First Request was submitted by AIDEA's former counsel Holland & Hart. Representation was subsequently transferred to Birch Horton Bittner & Cherot who then issued the Amended Request on behalf of AIDEA.

30. In the Amended Request, AIDEA cited 5 U.S.C. § 552(a)(6)(A)(i), to assert that the Interior's (or its component's) "[f]ailure to comply with statutory timelines may result in…litigation to ensure timely receipt of the requested records." *Id.*

### AIDEA's November 21, 2023 FOIA Request to BLM

31. On November 28, 2023, BLM issued a letter confirming receipt of the Amended Request dated November 21, 2023. Moreover, BLM, by email, updated the status of AIDEA's request to "Received" on November 28, 2023. The letter and email assigned a tracking number for the Amended Request: DOI-BLM002024-000171. **Exhibit 2**.

32. On November 28, 2023, AIDEA received an email update from BLM confirming the Amended Request had been assigned for processing.

33. To date, BLM has failed to produce any records in response to the Amended Request.

34. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the date by which the agency should have made a final determination on the Amended Request to BLM was December 16, 2023.

### AIDEA's November 21, 2023 FOIA Request to the Department of the Interior, Office of the Secretary

35. By email, on November 21, 2023, the Office of the Secretary confirmed receipt of the Amended Request and changed the status of the request to "Received." On November 30, 2023, the Office of the Secretary sent a letter to AIDEA confirming receipt of the Amended Request. The letter assigned a tracking number for the Amended Request: DOI-OS-2024-000083. **Exhibit 3**.

36. The Office of Secretary's November 30, 2023 letter also included a small portion of the releasable requests (records relating to numbered request 14). **Exhibit 3**. The interim response included an Excel spreadsheet detailing active litigation and 797 pages of records. The interim response identified several FOIA exemptions related to the Amended Request.[3]

37. Because this was an interim response, the Office of the Secretary, in the interim response letter, **Exhibit 3,** stated it "will provide notice of [AIDEA'S] appeal rights in our final response letter."[4] No timeframe for the issuance of the final response letter was identified in the interim response letter.

38. To date, no such final response letter has been received by AIDEA.

---

[3]   The interim response concluded that Exemption 5 (5 U.S.C § 552(b)(5)) and Exemption 6 (5 U.S.C § 552(b)(6)) applied to the Amended Request and responses provided.

[4]   *See* Exhibit 3 at pg. 12.

### AIDEA's November 21, 2023 FOIA Request to the Fish and Wildlife Service

39. By email, on November 21, 2023, the Fish and Wildlife Service updated the status of the Amended Request to "Received." On December 20, 2023, the Fish and Wildlife Service issued a letter acknowledging receipt of the Amended Request dated November 21, 2023. The Fish and Wildlife Service assigned a tracking number to the request: DOI-FWS-2024-000130. **Exhibit 4**.

40. Pursuant to the letter dated December 20, 2023, the Fish and Wildlife Service indicated it had "gathered the responsive material and conducted an initial survey to identify the quantity and nature of the records" but had "not reached a final decision on whether responsive material is exempt from release." *Id.*

41. To date, AIDEA has not received any further updates from the Fish and Wildlife Service regarding the Amended Request or a determination as to any applicable exemptions related to the Amended Request.

42. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the date by which the agency should have made a final determination on the Amended Request to the Fish and Wildlife Service was December 21, 2023.

## COUNT I

### Violation of the FOIA: Failure to Comply with Statutory Requirements

43. AIDEA incorporates all of the above paragraphs.

44. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees,…and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

45. The FOIA further requires an agency to respond to a valid request within 20 business days or, in "unusual circumstances," within 30 days. *Id.* § 552(a)(6)(A)-(B). If an agency requires additional time to process a request, the FOIA mandates it provide the requester with "an opportunity to arrange…an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii); *see* 43 C.F.R. §§ 2.16, 2.19.

46. The "receipt" of a FOIA request triggers an agency's obligation to respond and therefore starts the countdown for all relevant statutory deadlines. 5 U.S.C. § 552(a)(6)(A)(i); *see, e.g. McGehee v. Cent. Intelligence Agency,* 697 F.2d 1095, 1110 (D.C. Cir. 1983) ("[W]hen an agency receives a FOIA request…it must take responsibility for processing the request."); *see also* 43 C.F.R. § 2.16(a).

47. AIDEA's FOIA requests seek access to agency records maintained by three DOI components: (1) BLM, (2) the Fish and Wildlife Service, and (3) DOI's Office of the Secretary. The requests reasonably describe the records sought and comply with the FOIA and applicable agency regulations. They were properly

submitted to and received by BLM, the Fish and Wildlife Service, and DOI's Office of the Secretary, even after first amending the FOIA request upon receiving advice from the Anchorage Office of Regional Solicitor.

48. BLM received AIDEA's valid request on November 28, 2023. Determinations on this request was due by December 26, 2023.

49. The Office of the Secretary received AIDEA's valid request on November 21, 2023. Determinations on this request was due by December 21, 2023.

50. The Fish and Wildlife Service received AIDEA's valid request on November 21, 2023. Determinations on this request was due by December 21, 2023.

51. BLM has failed to issue a determination on or produced agency records responsive to AIDEA's requests within the applicable statutory time limits.

52. The Office of the Secretary has issued an interim response via interim response letter, redacted productions, and Excel spreadsheet, but has failed to issue the final response letter as indicated by the Office of the Secretary.

53. The Fish and Wildlife Service has failed to issue a determination within the applicable statutory time limits regarding the application of any exemptions.

54. AIDEA is harmed by the violation of the FOIA by BLM, the Fish and Wildlife Service, and Interior's Office of the Secretary and their unlawful withholding of responsive agency records to which AIDEA is statutorily entitled.

55. AIDEA will continue to be harmed until such time as BLM, the Fish and Wildlife Service, and Interior's Office of the Secretary are compelled to satisfy their obligations under the FOIA.

56. AIDEA has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AIDEA respectfully requests and prays that this Court:

a. Order BLM, the Fish and Wildlife Service, and Interior's Office of the Secretary to process AIDEA's FOIA request and issue determinations upon the issuance of the Order;

b. Order BLM, the Fish and Wildlife Service, and Interior's Office of the Secretary promptly to produce all non-exempt agency records responsive to AIDEA's FOIA requests;

c. Maintain jurisdiction over this case until BLM, the Fish and Wildlife Service, and Interior's Office of the Secretary comply with the Order and, if applicable, adequately justify their treatment of all relevant records;

d. Award AIDEA its costs and reasonable attorney fees incurred here pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. Grant such other relief as the Court may deem just and proper.

DATED this 1st day of April, 2024.

        BIRCH HORTON BITTNER & CHEROT
        Attorneys for Plaintiffs ALASKA INDUSTRIAL
        DEVELOPMENT AND EXPORT AUTHORITY

        By: /s/ James Lister
            James Lister, ABA #1611111
            D. Joseph Towslee, Jr., ABA #2402016