EXHIBIT 1-A



**Mara E. Michaletz**
Respond to Anchorage Office
T 907.263.7242 • F 907.276.3680
mmichaletz@bhb.com

November 21, 2023

**FOIA REQUEST**

Acting FOIA Officer Leah Fairman                    via ELECTRONIC DELIVERY
U.S. Department of the Interior                      https://foiaexpresspal.doi.gov/
Office of the Secretary, FOIA Office
1849 C Street, NW, MS-7328
Washington, D.C. 20240

RE:     Alaska Industrial Development & Export FOIA Request for Records
        Our File No.:  503,357.285

Dear Ms. Fairman:

On behalf of the Alaska Industrial Development and Export Authority (AIDEA), I submit this FOIA request relating to certain materials within the control of the U.S. Department of the Interior, Office of the Secretary; Bureau of Land Management; and the U.S. Fish and Wildlife Service. This request was originally served on the Bureau of Land Management in December 2022 and was recently amended after consultation with Michael Gieryic, Attorney-Advisor for the Anchorage Office of Regional Solicitor, U.S. Department of the Interior. To the extent any questions or issues arise regarding the scope of the materials, or the terms of the request, please contact the undersigned.  Pursuant to Mr. Gieryic's instructions, we will also be submitting this request to the U.S. Fish and Wildlife Service for their respective materials.

**Requested Records:**

1.  **Transition Team Communications**

    A.  All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between the following current or former government employees in **Table A** and any member of the Biden Transition team in the first column of Table A, from October 1, 2020 through the date of the search, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program.

510 L Street, Suite 700, Anchorage, Alaska 99501-1959    1150 Connecticut Ave., NW, Ste. 350, Washington, D.C. 20036
T 907.276.1550 • 800.478.1550 • F 907.276.3680         T 202.659.5800 • 888.482.4727 • F 202.659.1027
1564225.v3

Case 3:24-cv-00075-JMK   Document 1-1   Filed 04/01/24   Page 2 of 68                    Exhibit 1A
                                                                                        1 of 11

# Birch Horton Bittner & Cherot
*a professional corporation*

**Table A:** Employees

| Department of Interior ("DOI") Agency Review Team ("ART") | Bureau of Land Management ("BLM") | Fish & Wildlife Services ("FWS") |
|---|---|---|
| • Kevin Washburn<br>• Bret Birdsong<br>• Shannon Estenoz<br>• Chris Goranson<br>• Janie Hipp<br>• Kate Kelly<br>• Elizabeth Klein<br>• Amanda Leiter<br>• Molly McUsic<br>• Maggie Thomas<br>• Tanya Trujillo | • Laura Daniel-Davis<br>• Neil Kornze<br>• Michael Nedd<br>• Jeff Krauss<br>• Nada Culver<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Martha Williams<br>• Stephen Guertin<br>• Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska Region) |

**B.** All emails sent to or from the following list of current or former government employees in **Table A** in which the domains "buildbackbetter.com", "buildbackbetter.gov", or "ptt.gov", are in email addresses in the "To", "From", "CC", "BCC", "Subject", or "Body" fields of the email, and which pertain to any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.

**2.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees in **Table B**, and with any person who is not an employee of the U.S. Federal or State Government or who communicates via an email account using any of the following domain names: ".com," ".org," ".net," ".alaska.gov," ".int," ".info," and ".biz." or ".edu.," regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.

**Table B:** Employees

| BLM Alaska Federal Employees |
|---|
| • Ted Murphy<br>• Erika Reed<br>• "Chel" Ethun<br>• Tim Lamarr |

1564225.v3

# Birch Horton Bittner & Cherot

*a professional corporation*

- Geoff Byersdorf
- Kevin Pendergast
- Chad Padgett

**3.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees with David Hayes, Special Assistant to the President for Climate Policy, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from November 1, 2020 through the date of the search:

| DOI | BLM | FWS |
|---|---|---|
| • Laura Daniel-Davis<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Neil Kornze<br>• Bud Cribley<br>• Michael Nedd<br>• Jeff Krauss<br>• Nada Culver | • Martha Williams<br>• Stephen Guertin<br>• Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska) |

**4. Personal emails and texts** sent by the following list of employees from January 20, 2021 through the date of the search.

    **A.** All communications, including any attachments, made or received in connection with the transaction of government business regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, using any nongovernmental email account or nongovernmental communications device established, controlled, or used by the following employees.

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Ted Murphy<br>• Erika Reed |

**5. Calendars**

All calendars or calendar entries for the following individuals, including any calendars maintained on behalf of these individuals (e.g., by an administrative assistant), regarding ay aspect of the

# Birch Horton Bittner & Cherot

*a professional corporation*

Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from January 20, 2021 through the date of the search:

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Ted Murphy<br>• Erika Reed |

AIDEA requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars alone. Please produce any responsive document be it paper or electronic, available on a government-issued or personal device used to track or coordinate the time the individual allocates to agency business.

## 6. Ambler Access Project Communications with Third Parties

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between persons listed in the following table and with any person who is not an employee of the U.S. Federal Government regarding the Ambler Road Project. Please search from January 1, 2021 through the date of the search.

| DOI | BLM |
|---|---|
| • Laura Daniel – Davis | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein |

## 7. Ambler Access Project Decision Documents

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between or internal to any department or agency), which concern, reflect, relate to, or include:

(1) Any determination, discussion, or identification of deficiencies within the Ambler Road Final Environmental Impact or Joint Record of Decision, whether technical or procedural;

(2) Any determination, discussion, or identification of the grounds on which the decision was made to suspend the right-of-way authorizations for the Ambler Road project;

1564225.v3

(3) Any determination, discussion, or identification of the grounds on which the decision was made to seek a voluntary remand of the Joint Record of Decision; and

(4) Any determination, discussion, or identification of what would need to be done to correct the alleged deficiencies in the Ambler Road Final Environmental Impact or Joint Record of Decision.

Please search from January 1, 2021 through the date of the search, and search communications from the following individuals:

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis<br>• Deb Haaland<br>• Tommy Beaudreau | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein |

## 8. Ambler Access Programmatic Agreement Documents

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between or internal to any department or agency), or that "officials within the United States Department of the Interior exchanged"[1] with any tribe or tribal organization, or with any person who is not an employee of the U.S. Federal Government, and which relate to:

(1) Interpretation of the Ambler Mining District Industrial Access Road Section 106 Programmatic Agreement ("Programmatic Agreement");

(2) The scope of BLM's authority under the Programmatic Agreement; or

(3) The scope of development, construction, or other fieldwork activities subject to the Programmatic Agreement.

Please search from January 1, 2020 through the date of the search, and search communications from the following individuals:

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver |
| • Deb Haaland | • Steve Cohn |
| • Tommy Beaudreau | • Kevin Pendergast |

---

[1] *N. Alaska Env 'l Center v. Haaland,* Case No. 3:20cv187, (D. Alaska Sept. 28, 2021), ECF No. 85 at 2.

|  | • Tracy Stone-Manning |
|  | • Tom Heinlein |
|  | • Erika Reed |
|  | • Geoff Byersdorf |
|  | • Time LaMarr |
|  | • Serena Sweet |
|  | • Mark Lawyer |

**9. Coastal Plain Oil & Gas Leases**

**A.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Laura Daniel-Davis** regarding the Secretary of Interior's review of the Coastal Plain Oil and Gas Leasing Program as directed by EO 13990. Please search communications dating from January 1, 2021 through the date of the search.

**B.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Laura Daniel-Davis** regarding the additional scientific analysis that informed the Secretary of Interior's decision to issue Secretarial Order 3401 and "conduct a new, comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program.[2] Please search records dating from January 1, 2021 through the date of the search.

**C.** All documents on which the Secretary of Interior relied upon to conclude that a "new comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program was necessary. Please search records dating from January 1, 2021 through the date of the search.

**D.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Chad Padgett** or **Kevin Pendergast** regarding the intended timeline for the Final EIS for the

---

[2] *Order 3401,* SECRETARY OF THE INTERIOR (June 1, 2021), https://www.doi.gov/sites/doi.gov/files/elips/documents/so-3401-comprehensive-analysis-and-temporary-halt-on-all-activitives-in-the-arctic-national-wildlife-refuge-relating-to-the-coastal-plain-oil-and-gasleasing-program.pdf.

Coastal Plain Oil and Gas Program and any expected updates to the EIS. Please search records dating from January 1, 2019 to June 1, 2021.

E. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from the following list of employees regarding the decision to rescind Secretarial Order 3380. Please search records dating from January 1, 2020 to the date of the search.

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Neil Kornze |

## 10. DOI Delegations

A. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding the delegation of authority of the Assistant Secretary Land and Minerals Management to **Laura Daniel-Davis**.

Please search communications dating from January 1, 2021 to the date of the search.

B. All records, including decision memoranda, documenting the delegation of authority of the Assistant Secretary Land and Minerals Management to **Laura Daniel-Davis**.

Please search records dating from January 1, 2021 to the date of the search.

## 11. Recusals

A. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding recusals due to conflicts of interest by the following employees, or reflecting the recusals, including Screening Arrangements, written recusals, and recusal notifications,[3] that are or were in place for the following employees:

---

[3] *See Recusal Best Practices for DOI Employees,* DEP'T OF INTERIOR - ETHICS OFFICE, https://www.doi.gov/ethics/recusal-best-practices-for-doi-employees.

| DOI | DOI – Office of the Solicitor | BLM |
|---|---|---|
| • Laura Daniel-Davis | • Robert (Bob) Anderson <br> • Natalie Landreth | • Nada Culver |

Please search communications dating from January 1, 2020 to the date of the search.

## 12. DOI - Office of the Assistant Secretary - Land and Mineral Management

The memorandum sent by Acting Assistant Secretary Laura Daniel-Davis in February 2021 instructing the Alaska State Director's office and staff to halt activity and communications regarding the ANWR lease sale.

## 13. DOI-Tribal Consultation

All communications, including requests for tribal consultation and any responses, between the Department of Interior's Office of the Secretary, Office of the Solicitor, Director of BLM, or the FWS Regional Director and Kaktovik tribal members or representatives regarding ANWR leases or seismic permits from November 2, 2020 through the date of the search

## 14. Records provided to previous request

All documents previously provided to the following requester:

Citizens for Responsibility & Ethics in Washington to the Department of Interior and the Bureau of Land Management (Request submitted November 20, 2020), https://www.citizensforethics.org/wp-content/uploads/2020/12/11.20.20-CREW_BLM_ID_ANWR-FOIA-1.pdf.

## 15. Records discussing this request

Any records describing the processing of the above requests, including the search terms used, the custodians searched, and any tracking documents created in the process of fulfilling the request. If individual custodians fill out FOIA questionnaires or certifications that the custodian completed a search, those records are responsive to this request.[4]

In developing your search, please be advised that a "reasonable search" as required by law may not rely solely on custodian-driven searches now that the government is required to manage information electronically. Particularly where the agency has adopted the National Archives and Records Administration (NARA) Capstone program or a similar policy, the agency must search a

---

[4] As the Ninth Circuit recently held, "using a query to search for and extract a particular arrangement or subset of data already maintained in an agency's database does not amount to the creation of a new record." *Ctr. for Investigative Reporting v. US DOJ*, No. 18-17356, 2021 U.S. App. LEXIS 28944, at \*46 (9th Cir. Sep. 23, 2021). Even though "the net result of complying with the request [may] be a document the agency did not previously possess is not unusual in FOIA cases nor does this preclude the applicability of the Act." *Id.* at \*46-47.

# Birch Horton Bittner & Cherot

*a professional corporation*

custodian's records using the most up-to-date technology and disclose responsive records whether they are recovered from deletion or are still present in the custodian's files.  That said, custodian searches are still required to ensure all .PST files, local drives or accounts, personal accounts, or physical documents are included in the search for responsive records.  AIDEA seeks all responsive records regardless of format and no category of material should be omitted from search, collection, and production of these records.

In conducting the above searches, please ensure all records that could contain agency business are included in the search.  You may not exclude files, emails, electronic communications, or text communications that are in the personal custody of the custodians outlined above.  Any records of official business are subject to the Federal Records Act and FOIA regardless of whether they are stored outside of government files, accounts, or devices.  Particularly as most government employees have been working from home over the past two years, those employees accessed emails or printed documents on personal devices.  And as made clear by multiple news reports[5] and prior lawsuits,[6] such government records already existed in custodians' personal devices, accounts, or files and the Agency may not decline to search those personal devices, accounts, or files by relying on a policy or procedure that requires government employees to move official business from their personal systems to the official system.

### *Vaughn* **Index**

Agencies review records under a presumption of disclosure.  FOIA Improvement Act, Pub. L. No. 114-185, 130 Stat. 538 (2016).[7]  If you locate responsive records and determine you intend to withhold any part of the record as exempt from disclosure, please provide AIDEA with an index of the withheld information for each document as required under *Vaughn v. Rosen*, 484 F.2d 820,

---

[5] FBI Director James B. Comey acknowledged that "there is evidence that [Secretary Clinton and her colleagues] were extremely careless in their handling of very sensitive, highly classified information" held on a private email server.  *Statement by FBI Director James B. Comey on the Investigation of Secretary Hillary Clinton's Use of a Personal E-Mail System,* FBI NATIONAL PRESS OFFICE (July 5, 2016); https://www.fbi.gov/news/pressrel/press-releases/statement-by-fbi-director-james-b-comey-on-the-investigation-of-secretary-hillary-clinton2019s-use-of-a-personal-e-mail-system.

[6] Only "one concrete examples of a personal email being used for official purposes" gives FOIA requesters the ability to require a search of a government official's private email account.  *See Democracy Forward Found. v. US. DOC,* 474 F. Supp. 3d 69, 76 (D.D.C. 2020) (citation omitted).  Federal IT officials observed earlier this year that "some employees [have] ... let their guards down" and are using "personal devices."  Rick Vanover, *Remote work and disposable tech may put government data at risk,* GCN (Jan. 4, 2021), https://gcn.com/articles/2020/12/23/byod-risks.aspx.  DOI recently admonished its employees to be cautious of various ethics rules when "using a personal computer or smartphone while on duty."  *Ethics Reminder During COIVD-19 Pandemic,* DEP'T OF INTERIOR (Last Ed. Sept. 29, 2021), https://www.doi.gov/employees/ethics-reminder-during-covid-19-pandemic-0.

[7] *See also U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 774 (1989) ("[T]he basic purpose of the [FOIA is] 'to open agency action to the light of public scrutiny.'" (citation omitted)).

1564225.v3

827 (D.C. Cir. 1973). If you locate responsive records that you believe are partially exempt from disclosure, please disclose any reasonably segregable non-exempt portion of the requested record and indicate the withheld information for each document in the *Vaughn* index. *See* 5 U.S.C. § 552(b). If you locate responsive records that you believe are entirely exempt from disclosure or the exempt elements of the document are so intertwined with the non-exempt portions of the document that you cannot segregate out non-exempt information, please explain for each document in the *Vaughn* index what is non-exempt within the particular record and how it is dispersed through the record. *Vaughn* indices must describe each exempt document or portion of a document with sufficient specificity and provide "detailed justification" explaining why a particular exemption applies and to which part of the document it applies to. [8] Other required information in *Vaughn* indices includes basic factual material about each withheld record or portion of a record, including the originator, date, length, general subject matter, and location of each item.

**Record Preservation**

AIDEA' s interest in the requested records is of great concern to its constituents, and as such the State of Alaska intends to enforce its right to access the requested records under FOIA in legal proceedings if necessary. Please institute a preservation hold on records responsive to this FOIA request under 43 C.F.R. § 2.51 and inform relevant custodians to preserve potentially responsive[9] records, as such litigation is reasonably foreseeable.

**Record Production**

AIDEA welcomes any discussion necessary to clarify the searches requested above and is willing to work with the agency to ensure efficient and reasonable production of responsive documents. Please provide any documents stored as Electronically Stored Information individually in the native file type, and not as batched files. This includes e-mail (whether sent, received or drafted), word processing files, tables, charts, graphs and database files, electronic calendars, proprietary software files, and spreadsheets. ESI can also be provided in the form of a load file that includes a common file type (TIFF, HTML, PDF) while maintaining access to the native file and its source data, including the ability to keyword search documents. Once responsive documents are located, please provide them in the requested electronic form by email or via a .TIFF file in a USB drive to be sent via mail within 20 working days to:

---

[8] While a "detailed justification" has long been required to claim material is deliberative under Exemption 5, *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force,* 566 F.2d 242, 251 (D.C. Cir. 1977), courts recently clarified that standard requires "that agencies must concretely explain how disclosure 'would' - not 'could' - adversely impair internal deliberations." *Reporters Comm. for Freedom of the Press v. FBI,* No. 20-5091, 2021 U.S. App. LEXIS 19762, at *33 (D.C. Cir. July 2, 2021).

[9] If responsive "documents in the possession of the agency at the time of the FOIA request" are destroyed prior to production, the "appropriate remedy" may range from "[r]econstruction of the destroyed documents to the extent possible," payment of the opposing party's legal fees, or deposition of top officials whose documents were destroyed. *Landmark Legal Found. v. EPA,* 272 F. Supp. 2d 59, 66-68 (D.D.C. 2003).

# Birch Horton Bittner & Cherot

*a professional corporation*

Birch Horton Bittner & Cherot
Attn: Mara Michaletz
510 L Street, Suite 700
Anchorage, Alaska 99501

5 U.S.C. § 552(a)(6)(A)(i). Failure to comply with statutory timelines may result in the aforementioned litigation to ensure timely receipt of the requested records. And while we understand that COVID may impact your processing timeline, [10] "FOIA's statutory time limits remain."[11] Therefore, **please send documents on a rolling basis**, completing searches for digitally available information and producing those results before searching for hard copy records. The search for - or deliberations concerning - certain records should not delay the production of others that have been retrieved and selected for production. *See generally* 43 C.F.R. § 2.16 (describing DOI response deadlines).

AIDEA looks forward to working with you on this request. If you have any questions or foresee delays in producing the requested records, please contact the undersigned at mmichaletz@bhb.com or 907-276-1550.

Sincerely,

BIRCH HORTON BITTNER & CHEROT

Mara E. Michaletz

MEM:nsw

---

[10] *Make a Freedom of Information Act (FOIA) Request,* DEP'T OF INTERIOR, https://www.doi.gov/foia/make-a-request (We are continuing to process FOIA requests to the best of our ability during the COVID-19 pandemic.... If your request is for hard copy records, the response to your request will very likely be delayed.").

[11] *Guidance for Agency FOIA Administration in Light of COVID-19 Impacts,* DEP'T OF JUSTICE (May 28, 2020), https://www.justice.gov/oip/guidance-agency-foia-administration-light-covid-19-impacts.

EXHIBIT 1-B



Birch Horton Bittner & Cherot
*a professional corporation*

**Mara E. Michaletz**
Respond to Anchorage Office
T  907.263.7242  •  F 907.276.3680
mmichaletz@bhb.com

November 21, 2023

**FOIA REQUEST**

Ryan Witt                                                           <u>via electronic delivery</u>
U.S. Department of the Interior                    rwitt@blm.gov
Bureau of Land Management                       BLM_AK_FOIA@blm.gov
MS-WO-640
1849 C Street, NW
Washington, DC 20240

RE:    FOIA Request for Records DOI-BLM-2023-001602
         Our File No.:  503,357.285

Dear Mr. Witt:

On behalf of the Alaska Industrial Development and Export Authority (AIDEA), this correspondence serves as an amendment to the December 30, 2022 Freedom of Information Act (FOIA) request DOI-BLM-2023-001602 submitted by Holland & Hart. (Please note that the law firm of Birch Horton Bittner and Cherot currently represents AIDEA's interests, and requests to be replaced as the contact and recipient of materials relevant to this request.)

These amendments were made after consultation with Michael Gieryic, Attorney-Advisor for the Anchorage Office of Regional Solicitor, U.S. Department of the Interior. The amendments primarily eliminate specific search terms, and materials requested from individuals serving in attorney capacities. AIDEA appreciates BLM's timely work on this request; to the extent any questions or issues arise regarding the new scope of the materials, or the terms of the request, please contact the undersigned.  Pursuant to Mr. Gieryic's instructions, we will also be submitting this same request to the Department of Interior, Office of the Secretary and the U.S. Fish and Wildlife Service.

**Requested Records:**

**1. Transition Team Communications**

    **A.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between the following current or former government employees in **Table A** and any member of the Biden Transition team in the first column of Table A, from October 1, 2020 through the date of the search, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program.

510 L Street, Suite 700, Anchorage, Alaska 99501-1959      1150 Connecticut Ave., NW, Ste. 350, Washington, D.C. 20036
T 907.276.1550 • 800.478.1550 • F 907.276.3680            T 202.659.5800 • 888.482.4727 • F 202.659.1027

Case 3:24-cv-00075-JMK   Document 1-1   Filed 04/01/24   Page 14 of 68          Exhibit 1B
1564225.v3                                                                                      1 of 11

# Birch Horton Bittner & Cherot
*a professional corporation*

**Table A:** Employees

| Department of Interior ("DOI") Agency Review Team ("ART") | Bureau of Land Management ("BLM") | Fish & Wildlife Services ("FWS") |
|---|---|---|
| • Kevin Washburn<br>• Bret Birdsong<br>• Shannon Estenoz<br>• Chris Goranson<br>• Janie Hipp<br>• Kate Kelly<br>• Elizabeth Klein<br>• Amanda Leiter<br>• Molly McUsic<br>• Maggie Thomas<br>• Tanya Trujillo | • Laura Daniel-Davis<br>• Neil Kornze<br>• Michael Nedd<br>• Jeff Krauss<br>• Nada Culver<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Martha Williams<br>• Stephen Guertin<br>• Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska Region) |

**B.** All emails sent to or from the following list of current or former government employees in **Table A** in which the domains "buildbackbetter.com", "buildbackbetter.gov", or "ptt.gov", are in email addresses in the "To", "From", "CC", "BCC", "Subject", or "Body" fields of the email, and which pertain to any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.

**2.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees in **Table B**, and with any person who is not an employee of the U.S. Federal or State Government or who communicates via an email account using any of the following domain names: ".com," ".org," ".net," ".alaska.gov," ".int," ".info," and ".biz." or ".edu.," regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.

**Table B:** Employees

| BLM Alaska Federal Employees |
|---|
| • Ted Murphy<br>• Erika Reed<br>• "Chel" Ethun<br>• Tim Lamarr |

1564225.v3

## Birch Horton Bittner & Cherot

*a professional corporation*

- Geoff Byersdorf
- Kevin Pendergast
- Chad Padgett

**3.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees with David Hayes, Special Assistant to the President for Climate Policy, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from November 1, 2020 through the date of the search:

| DOI | BLM | FWS |
|---|---|---|
| • Laura Daniel-Davis<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Neil Kornze<br>• Bud Cribley<br>• Michael Nedd<br>• Jeff Krauss<br>• Nada Culver | • Martha Williams<br>• Stephen Guertin<br>• Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska) |

**4. Personal emails and texts** sent by the following list of employees from January 20, 2021 through the date of the search.

**A.** All communications, including any attachments, made or received in connection with the transaction of government business regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, using any nongovernmental email account or nongovernmental communications device established, controlled, or used by the following employees.

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Ted Murphy<br>• Erika Reed |

**5. Calendars**

All calendars or calendar entries for the following individuals, including any calendars maintained on behalf of these individuals (e.g., by an administrative assistant), regarding ay aspect of the

1564225.v3

# Birch Horton Bittner & Cherot

*a professional corporation*

Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from January 20, 2021 through the date of the search:

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Ted Murphy<br>• Erika Reed |

AIDEA requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars alone. Please produce any responsive document be it paper or electronic, available on a government-issued or personal device used to track or coordinate the time the individual allocates to agency business.

## 6. Ambler Access Project Communications with Third Parties

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between persons listed in the following table and with any person who is not an employee of the U.S. Federal Government regarding the Ambler Road Project. Please search from January 1, 2021 through the date of the search.

| DOI | BLM |
|---|---|
| • Laura Daniel – Davis | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein |

## 7. Ambler Access Project Decision Documents

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between or internal to any department or agency), which concern, reflect, relate to, or include:

    (1) Any determination, discussion, or identification of deficiencies within the Ambler Road Final Environmental Impact or Joint Record of Decision, whether technical or procedural;

    (2) Any determination, discussion, or identification of the grounds on which the decision was made to suspend the right-of-way authorizations for the Ambler Road project;

(3) Any determination, discussion, or identification of the grounds on which the decision was made to seek a voluntary remand of the Joint Record of Decision; and

(4) Any determination, discussion, or identification of what would need to be done to correct the alleged deficiencies in the Ambler Road Final Environmental Impact or Joint Record of Decision.

Please search from January 1, 2021 through the date of the search, and search communications from the following individuals:

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis<br>• Deb Haaland<br>• Tommy Beaudreau | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein |

## 8. Ambler Access Programmatic Agreement Documents

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between or internal to any department or agency), or that "officials within the United States Department of the Interior exchanged"[1] with any tribe or tribal organization, or with any person who is not an employee of the U.S. Federal Government, and which relate to:

(1) Interpretation of the Ambler Mining District Industrial Access Road Section 106 Programmatic Agreement ("Programmatic Agreement");

(2) The scope of BLM's authority under the Programmatic Agreement; or

(3) The scope of development, construction, or other fieldwork activities subject to the Programmatic Agreement.

Please search from January 1, 2020 through the date of the search, and search communications from the following individuals:

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver |
| • Deb Haaland | • Steve Cohn |
| • Tommy Beaudreau | • Kevin Pendergast |

---

[1] *N. Alaska Env 'l Center v. Haaland,* Case No. 3:20cv187, (D. Alaska Sept. 28, 2021), ECF No. 85 at 2.

## Birch Horton Bittner & Cherot
*a professional corporation*

|  | <ul><li>Tracy Stone-Manning</li><li>Tom Heinlein</li><li>Erika Reed</li><li>Geoff Byersdorf</li><li>Time LaMarr</li><li>Serena Sweet</li><li>Mark Lawyer</li></ul> |
|---|---|

**9. Coastal Plain Oil & Gas Leases**

**A.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Laura Daniel-Davis** regarding the Secretary of Interior's review of the Coastal Plain Oil and Gas Leasing Program as directed by EO 13990. Please search communications dating from January 1, 2021 through the date of the search.

**B.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Laura Daniel-Davis** regarding the additional scientific analysis that informed the Secretary of Interior's decision to issue Secretarial Order 3401 and "conduct a new, comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program.[2] Please search records dating from January 1, 2021 through the date of the search.

**C.** All documents on which the Secretary of Interior relied upon to conclude that a "new comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program was necessary. Please search records dating from January 1, 2021 through the date of the search.

**D.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Chad Padgett** or **Kevin Pendergast** regarding the intended timeline for the Final EIS for the

---

[2] *Order 3401,* SECRETARY OF THE INTERIOR (June 1, 2021), https://www.doi.gov/sites/doi.gov/files/elips/documents/so-3401-comprehensive-analysis-and-temporary-halt-on-all-activitives-in-the-arctic-national-wildlife-refuge-relating-to-the-coastal-plain-oil-and-gasleasing-program.pdf.

# Birch Horton Bittner & Cherot

*a professional corporation*

Coastal Plain Oil and Gas Program and any expected updates to the EIS. Please search records dating from January 1, 2019 to June 1, 2021.

**E.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from the following list of employees regarding the decision to rescind Secretarial Order 3380. Please search records dating from January 1, 2020 to the date of the search.

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Neil Kornze |

## 10. DOI Delegations

**A.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding the delegation of authority of the Assistant Secretary Land and Minerals Management to **Laura Daniel-Davis**.

Please search communications dating from January 1, 2021 to the date of the search.

**B.** All records, including decision memoranda, documenting the delegation of authority of the Assistant Secretary Land and Minerals Management to **Laura Daniel-Davis**.

Please search records dating from January 1, 2021 to the date of the search.

## 11. Recusals

A. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding recusals due to conflicts of interest by the following employees, or reflecting the recusals, including Screening Arrangements, written recusals, and recusal notifications,[3] that are or were in place for the following employees:

---

[3] *See Recusal Best Practices for DOI Employees,* DEP'T OF INTERIOR - ETHICS OFFICE, https://www.doi.gov/ethics/recusal-best-practices-for-doi-employees.

| DOI | DOI – Office of the Solicitor | BLM |
|---|---|---|
| • Laura Daniel-Davis | • Robert (Bob) Anderson<br>• Natalie Landreth | • Nada Culver |

Please search communications dating from January 1, 2020 to the date of the search.

### 12. DOI - Office of the Assistant Secretary - Land and Mineral Management

The memorandum sent by Acting Assistant Secretary Laura Daniel-Davis in February 2021 instructing the Alaska State Director's office and staff to halt activity and communications regarding the ANWR lease sale.

### 13. DOI-Tribal Consultation

All communications, including requests for tribal consultation and any responses, between the Department of Interior's Office of the Secretary, Office of the Solicitor, Director of BLM, or the FWS Regional Director and Kaktovik tribal members or representatives regarding ANWR leases or seismic permits from November 2, 2020 through the date of the search

### 14. Records provided to previous request

All documents previously provided to the following requester:

Citizens for Responsibility & Ethics in Washington to the Department of Interior and the Bureau of Land Management (Request submitted November 20, 2020), https://www.citizensforethics.org/wp-content/uploads/2020/12/11.20.20-CREW_BLM_ID_ANWR-FOIA-1.pdf.

### 15. Records discussing this request

Any records describing the processing of the above requests, including the search terms used, the custodians searched, and any tracking documents created in the process of fulfilling the request.  If individual custodians fill out FOIA questionnaires or certifications that the custodian completed a search, those records are responsive to this request.[4]

In developing your search, please be advised that a "reasonable search" as required by law may not rely solely on custodian-driven searches now that the government is required to manage information electronically.  Particularly where the agency has adopted the National Archives and Records Administration (NARA) Capstone program or a similar policy, the agency must search a

---

[4] As the Ninth Circuit recently held, "using a query to search for and extract a particular arrangement or subset of data already maintained in an agency's database does not amount to the creation of a new record."  *Ctr. for Investigative Reporting v. US DOJ*, No. 18-17356, 2021 U.S. App. LEXIS 28944, at *46 (9th Cir. Sep. 23, 2021).  Even though "the net result of complying with the request [may] be a document the agency did not previously possess is not unusual in FOIA cases nor does this preclude the applicability of the Act."  *Id.* at *46-47.

custodian's records using the most up-to-date technology and disclose responsive records whether they are recovered from deletion or are still present in the custodian's files. That said, custodian searches are still required to ensure all .PST files, local drives or accounts, personal accounts, or physical documents are included in the search for responsive records. AIDEA seeks all responsive records regardless of format and no category of material should be omitted from search, collection, and production of these records.

In conducting the above searches, please ensure all records that could contain agency business are included in the search. You may not exclude files, emails, electronic communications, or text communications that are in the personal custody of the custodians outlined above. Any records of official business are subject to the Federal Records Act and FOIA regardless of whether they are stored outside of government files, accounts, or devices. Particularly as most government employees have been working from home over the past two years, those employees accessed emails or printed documents on personal devices. And as made clear by multiple news reports[5] and prior lawsuits,[6] such government records already existed in custodians' personal devices, accounts, or files and the Agency may not decline to search those personal devices, accounts, or files by relying on a policy or procedure that requires government employees to move official business from their personal systems to the official system.

### *Vaughn* **Index**

Agencies review records under a presumption of disclosure. FOIA Improvement Act, Pub. L. No. 114-185, 130 Stat. 538 (2016).[7] If you locate responsive records and determine you intend to withhold any part of the record as exempt from disclosure, please provide AIDEA with an index of the withheld information for each document as required under *Vaughn v. Rosen*, 484 F.2d 820,

---

[5] FBI Director James B. Comey acknowledged that "there is evidence that [Secretary Clinton and her colleagues] were extremely careless in their handling of very sensitive, highly classified information" held on a private email server. *Statement by FBI Director James B. Comey on the Investigation of Secretary Hillary Clinton's Use of a Personal E-Mail System,* FBI NATIONAL PRESS OFFICE (July 5, 2016); https://www.fbi.gov/news/pressrel/press-releases/statement-by-fbi-director-james-b-comey-on-the-investigation-of-secretary-hillary-clinton2019s-use-of-a-personal-e-mail-system.

[6] Only "one concrete examples of a personal email being used for official purposes" gives FOIA requesters the ability to require a search of a government official's private email account. *See Democracy Forward Found. v. US. DOC,* 474 F. Supp. 3d 69, 76 (D.D.C. 2020) (citation omitted). Federal IT officials observed earlier this year that "some employees [have] ... let their guards down" and are using "personal devices." Rick Vanover, *Remote work and disposable tech may put government data at risk,* GCN (Jan. 4, 2021), https://gcn.com/articles/2020/12/23/byod-risks.aspx. DOI recently admonished its employees to be cautious of various ethics rules when "using a personal computer or smartphone while on duty." *Ethics Reminder During COIVD-19 Pandemic,* DEP'T OF INTERIOR (Last Ed. Sept. 29, 2021), https://www.doi.gov/employees/ethics-reminder-during-covid-19-pandemic-0.

[7] *See also U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 774 (1989) ("[T]he basic purpose of the [FOIA is] 'to open agency action to the light of public scrutiny.'" (citation omitted)).

827 (D.C. Cir. 1973). If you locate responsive records that you believe are partially exempt from disclosure, please disclose any reasonably segregable non-exempt portion of the requested record and indicate the withheld information for each document in the *Vaughn* index. *See* 5 U.S.C. § 552(b). If you locate responsive records that you believe are entirely exempt from disclosure or the exempt elements of the document are so intertwined with the non-exempt portions of the document that you cannot segregate out non-exempt information, please explain for each document in the *Vaughn* index what is non-exempt within the particular record and how it is dispersed through the record. *Vaughn* indices must describe each exempt document or portion of a document with sufficient specificity and provide "detailed justification" explaining why a particular exemption applies and to which part of the document it applies to. [8] Other required information in *Vaughn* indices includes basic factual material about each withheld record or portion of a record, including the originator, date, length, general subject matter, and location of each item.

## Record Preservation

AIDEA's interest in the requested records is of great concern to its constituents, and as such the State of Alaska intends to enforce its right to access the requested records under FOIA in legal proceedings if necessary. Please institute a preservation hold on records responsive to this FOIA request under 43 C.F.R. § 2.51 and inform relevant custodians to preserve potentially responsive[9] records, as such litigation is reasonably foreseeable.

## Record Production

AIDEA welcomes any discussion necessary to clarify the searches requested above and is willing to work with the agency to ensure efficient and reasonable production of responsive documents. Please provide any documents stored as Electronically Stored Information individually in the native file type, and not as batched files. This includes e-mail (whether sent, received or drafted), word processing files, tables, charts, graphs and database files, electronic calendars, proprietary software files, and spreadsheets. ESI can also be provided in the form of a load file that includes a common file type (TIFF, HTML, PDF) while maintaining access to the native file and its source data, including the ability to keyword search documents. Once responsive documents are located, please provide them in the requested electronic form by email or via a .TIFF file in a USB drive to be sent via mail within 20 working days to:

---

[8] While a "detailed justification" has long been required to claim material is deliberative under Exemption 5, *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force,* 566 F.2d 242, 251 (D.C. Cir. 1977), courts recently clarified that standard requires "that agencies must concretely explain how disclosure 'would' - not 'could' - adversely impair internal deliberations." *Reporters Comm. for Freedom of the Press v. FBI,* No. 20-5091, 2021 U.S. App. LEXIS 19762, at *33 (D.C. Cir. July 2, 2021).

[9] If responsive "documents in the possession of the agency at the time of the FOIA request" are destroyed prior to production, the "appropriate remedy" may range from "[r]econstruction of the destroyed documents to the extent possible," payment of the opposing party's legal fees, or deposition of top officials whose documents were destroyed. *Landmark Legal Found. v. EPA,* 272 F. Supp. 2d 59, 66-68 (D.D.C. 2003).

## Birch Horton Bittner & Cherot
*a professional corporation*

Birch Horton Bittner & Cherot
Attn: Mara Michaletz
510 L Street, Suite 700
Anchorage, Alaska 99501

5 U.S.C. § 552(a)(6)(A)(i). Failure to comply with statutory timelines may result in the aforementioned litigation to ensure timely receipt of the requested records. And while we understand that COVID may impact your processing timeline, [10] "FOIA's statutory time limits remain."[11] Therefore, **please send documents on a rolling basis**, completing searches for digitally available information and producing those results before searching for hard copy records. The search for - or deliberations concerning - certain records should not delay the production of others that have been retrieved and selected for production. *See generally* 43 C.F.R. § 2.16 (describing DOI response deadlines).

AIDEA looks forward to working with you on this request. If you have any questions or foresee delays in producing the requested records, please contact the undersigned at mmichaletz@bhb.com or 907-276-1550.

Sincerely,

BIRCH HORTON BITTNER & CHEROT

Mara E. Michaletz

MEM:nsw

---

[10] *Make a Freedom of Information Act (FOIA) Request,* DEP'T OF INTERIOR, https://www.doi.gov/foia/make-a-request (We are continuing to process FOIA requests to the best of our ability during the COVID-19 pandemic.... If your request is for hard copy records, the response to your request will very likely be delayed.").

[11] *Guidance for Agency FOIA Administration in Light of COVID-19 Impacts,* DEP'T OF JUSTICE (May 28, 2020), https://www.justice.gov/oip/guidance-agency-foia-administration-light-covid-19-impacts.

EXHIBIT 1-C

**Birch Horton Bittner & Cherot**

*a professional corporation*

**Mara E. Michaletz**
Respond to Anchorage Office
T  907.263.7242  •  F 907.276.3680
mmichaletz@bhb.com

November 21, 2023

**FOIA REQUEST**

FOIA Officer
U.S. Department of the Interior
U.S. Fish and Wildlife Service

<u>via ELECTRONIC DELIVERY</u>
https://foiaxpresspal.doi.gov/

RE:     Alaska Industrial Development & Export FOIA Request for Records
          Our File No.:  503,357.285

Dear FOIA Officer:

On behalf of the Alaska Industrial Development and Export Authority (AIDEA), I submit this FOIA request relating to certain materials within the control of the U.S. Department of the Interior, Office of the Secretary; Bureau of Land Management; and the U.S. Fish and Wildlife Service. This request was originally served on the Bureau of Land Management in December 2022 and was recently amended after consultation with Michael Gieryic, Attorney-Advisor for the Anchorage Office of Regional Solicitor, U.S. Department of the Interior. To the extent any questions or issues arise regarding the scope of the materials, or the terms of the request, please contact the undersigned.  Pursuant to Mr. Gieryic's instructions, we will also be submitting this request to the Department of the Interior, Office of the Secretary for their respective materials.

**Requested Records:**

**1.  Transition Team Communications**

**A.**  All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between the following current or former government employees in **Table A** and any member of the Biden Transition team in the first column of Table A, from October 1, 2020 through the date of the search, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program.

**Table A:** Employees

| Department of Interior ("DOI") Agency Review Team ("ART") | Bureau of Land Management ("BLM") | Fish & Wildlife Services ("FWS") |
|---|---|---|
| • Kevin Washburn<br>• Bret Birdsong | • Laura Daniel-Davis<br>• Neil Kornze | • Martha Williams<br>• Stephen Guertin |

510 L Street, Suite 700, Anchorage, Alaska 99501-1959
T 907.276.1550 • 800.478.1550 • F 907.276.3680

1150 Connecticut Ave., NW, Ste. 350, Washington, D.C. 20036
T 202.659.5800 • 888.482.4727 • F 202.659.1027

Exhibit  1C
1 of 11

1564225.v3

Case 3:24-cv-00075-JMK   Document 1-1   Filed 04/01/24   Page 26 of 68

## Birch Horton Bittner & Cherot
*a professional corporation*

| | | |
|---|---|---|
| • Shannon Estenoz<br>• Chris Goranson<br>• Janie Hipp<br>• Kate Kelly<br>• Elizabeth Klein<br>• Amanda Leiter<br>• Molly McUsic<br>• Maggie Thomas<br>• Tanya Trujillo | • Michael Nedd<br>• Jeff Krauss<br>• Nada Culver<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska Region) |

**B.** All emails sent to or from the following list of current or former government employees in **Table A** in which the domains "buildbackbetter.com", "buildbackbetter.gov", or "ptt.gov", are in email addresses in the "To", "From", "CC", "BCC", "Subject", or "Body" fields of the email, and which pertain to any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.

**2.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees in **Table B**, and with any person who is not an employee of the U.S. Federal or State Government or who communicates via an email account using any of the following domain names: ".com," ".org," ".net," ".alaska.gov," ".int," ".info," and ".biz." or ".edu.," regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.

**Table B:** Employees

| BLM Alaska Federal Employees |
|---|
| • Ted Murphy<br>• Erika Reed<br>• "Chel" Ethun<br>• Tim Lamarr<br>• Geoff Byersdorf<br>• Kevin Pendergast<br>• Chad Padgett |

**3.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs,

3

## Birch Horton Bittner & Cherot
*a professional corporation*

calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees with David Hayes, Special Assistant to the President for Climate Policy, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from November 1, 2020 through the date of the search:

| DOI | BLM | FWS |
|---|---|---|
| • Laura Daniel-Davis<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Neil Kornze<br>• Bud Cribley<br>• Michael Nedd<br>• Jeff Krauss<br>• Nada Culver | • Martha Williams<br>• Stephen Guertin<br>• Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska) |

**4. Personal emails and texts** sent by the following list of employees from January 20, 2021 through the date of the search.

   **A.** All communications, including any attachments, made or received in connection with the transaction of government business regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, using any nongovernmental email account or nongovernmental communications device established, controlled, or used by the following employees.

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Ted Murphy<br>• Erika Reed |

**5. Calendars**

All calendars or calendar entries for the following individuals, including any calendars maintained on behalf of these individuals (e.g., by an administrative assistant), regarding ay aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from January 20, 2021 through the date of the search:

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Ted Murphy<br>• Erika Reed |

1564225.v3

# Birch Horton Bittner & Cherot

*a professional corporation*

AIDEA requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars alone. Please produce any responsive document be it paper or electronic, available on a government-issued or personal device used to track or coordinate the time the individual allocates to agency business.

## 6. Ambler Access Project Communications with Third Parties

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between persons listed in the following table and with any person who is not an employee of the U.S. Federal Government regarding the Ambler Road Project. Please search from January 1, 2021 through the date of the search.

| DOI | BLM |
|---|---|
| • Laura Daniel – Davis | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein |

## 7. Ambler Access Project Decision Documents

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between or internal to any department or agency), which concern, reflect, relate to, or include:

(1) Any determination, discussion, or identification of deficiencies within the Ambler Road Final Environmental Impact or Joint Record of Decision, whether technical or procedural;

(2) Any determination, discussion, or identification of the grounds on which the decision was made to suspend the right-of-way authorizations for the Ambler Road project;

(3) Any determination, discussion, or identification of the grounds on which the decision was made to seek a voluntary remand of the Joint Record of Decision; and

(4) Any determination, discussion, or identification of what would need to be done to correct the alleged deficiencies in the Ambler Road Final Environmental Impact or Joint Record of Decision.

Please search from January 1, 2021 through the date of the search, and search communications from the following individuals:

# Birch Horton Bittner & Cherot
*a professional corporation*

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis<br>• Deb Haaland<br>• Tommy Beaudreau | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein |

## 8. Ambler Access Programmatic Agreement Documents

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between internal to any department or agency), or that "officials within the United States Department of the Interior exchanged"[1] with any tribe or tribal organization, or with any person who is not an employee of the U.S. Federal Government, and which relate to:

(1) Interpretation of the Ambler Mining District Industrial Access Road Section 106 Programmatic Agreement ("Programmatic Agreement");

(2) The scope of BLM's authority under the Programmatic Agreement; or

(3) The scope of development, construction, or other fieldwork activities subject to the Programmatic Agreement.

Please search from January 1, 2020 through the date of the search, and search communications from the following individuals:

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis<br>• Deb Haaland<br>• Tommy Beaudreau | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein<br>• Erika Reed<br>• Geoff Byersdorf<br>• Time LaMarr<br>• Serena Sweet<br>• Mark Lawyer |

---

[1] *N. Alaska Env'l Center v. Haaland,* Case No. 3:20cv187, (D. Alaska Sept. 28, 2021), ECF No. 85 at 2.

## Birch Horton Bittner & Cherot

*a professional corporation*

**9. Coastal Plain Oil & Gas Leases**

**A.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Laura Daniel-Davis** regarding the Secretary of Interior's review of the Coastal Plain Oil and Gas Leasing Program as directed by EO 13990. Please search communications dating from January 1, 2021 through the date of the search.

**B.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Laura Daniel-Davis** regarding the additional scientific analysis that informed the Secretary of Interior's decision to issue Secretarial Order 3401 and "conduct a new, comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program.[2] Please search records dating from January 1, 2021 through the date of the search.

**C.** All documents on which the Secretary of Interior relied upon to conclude that a "new comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program was necessary. Please search records dating from January 1, 2021 through the date of the search.

**D.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Chad Padgett** or **Kevin Pendergast** regarding the intended timeline for the Final EIS for the Coastal Plain Oil and Gas Program and any expected updates to the EIS. Please search records dating from January 1, 2019 to June 1, 2021.

**E.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from the following list of employees regarding the decision to rescind Secretarial Order 3380. Please search records dating from January 1, 2020 to the date of the search.

---

[2] *Order 3401,* SECRETARY OF THE INTERIOR (June 1, 2021), https://www.doi.gov/sites/doi.gov/files/elips/documents/so-3401-comprehensive-analysis-and-temporary-halt-on-all-activitives-in-the-arctic-national-wildlife-refuge-relating-to-the-coastal-plain-oil-and-gasleasing-program.pdf.

# Birch Horton Bittner & Cherot

*a professional corporation*

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Neil Kornze |

## 10. DOI Delegations

**A.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding the delegation of authority of the Assistant Secretary Land and Minerals Management to **Laura Daniel-Davis**.

Please search communications dating from January 1, 2021 to the date of the search.

**B.** All records, including decision memoranda, documenting the delegation of authority of the Assistant Secretary Land and Minerals Management to **Laura Daniel-Davis**.

Please search records dating from January 1, 2021 to the date of the search.

## 11. Recusals

A. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding recusals due to conflicts of interest by the following employees, or reflecting the recusals, including Screening Arrangements, written recusals, and recusal notifications,[3] that are or were in place for the following employees:

| DOI | DOI – Office of the Solicitor | BLM |
|---|---|---|
| • Laura Daniel-Davis | • Robert (Bob) Anderson<br>• Natalie Landreth | • Nada Culver |

Please search communications dating from January 1, 2020 to the date of the search.

## 12. DOI - Office of the Assistant Secretary - Land and Mineral Management

---

[3] *See Recusal Best Practices for DOI Employees,* DEP'T OF INTERIOR - ETHICS OFFICE, https://www.doi.gov/ethics/recusal-best-practices-for-doi-employees.

## Birch Horton Bittner & Cherot

*a professional corporation*

The memorandum sent by Acting Assistant Secretary Laura Daniel-Davis in February 2021 instructing the Alaska State Director's office and staff to halt activity and communications regarding the ANWR lease sale.

### 13. DOI-Tribal Consultation

All communications, including requests for tribal consultation and any responses, between the Department of Interior's Office of the Secretary, Office of the Solicitor, Director of BLM, or the FWS Regional Director and Kaktovik tribal members or representatives regarding ANWR leases or seismic permits from November 2, 2020 through the date of the search

### 14. Records provided to previous request

All documents previously provided to the following requester:

Citizens for Responsibility & Ethics in Washington to the Department of Interior and the Bureau of Land Management (Request submitted November 20, 2020), https://www.citizensforethics.org/wp-content/uploads/2020/12/11.20.20-CREW_BLM_ID_ANWR-FOIA-1.pdf.

### 15. Records discussing this request

Any records describing the processing of the above requests, including the search terms used, the custodians searched, and any tracking documents created in the process of fulfilling the request. If individual custodians fill out FOIA questionnaires or certifications that the custodian completed a search, those records are responsive to this request.[4]

In developing your search, please be advised that a "reasonable search" as required by law may not rely solely on custodian-driven searches now that the government is required to manage information electronically. Particularly where the agency has adopted the National Archives and Records Administration (NARA) Capstone program or a similar policy, the agency must search a custodian's records using the most up-to-date technology and disclose responsive records whether they are recovered from deletion or are still present in the custodian's files. That said, custodian searches are still required to ensure all .PST files, local drives or accounts, personal accounts, or physical documents are included in the search for responsive records. AIDEA seeks all responsive records regardless of format and no category of material should be omitted from search, collection, and production of these records.

In conducting the above searches, please ensure all records that could contain agency business are included in the search. You may not exclude files, emails, electronic communications, or text

---

[4] As the Ninth Circuit recently held, "using a query to search for and extract a particular arrangement or subset of data already maintained in an agency's database does not amount to the creation of a new record." *Ctr. for Investigative Reporting v. US DOJ*, No. 18-17356, 2021 U.S. App. LEXIS 28944, at *46 (9th Cir. Sep. 23, 2021). Even though "the net result of complying with the request [may] be a document the agency did not previously possess is not unusual in FOIA cases nor does this preclude the applicability of the Act." *Id.* at *46-47.

1564225.v3

# Birch Horton Bittner & Cherot

*a professional corporation*

communications that are in the personal custody of the custodians outlined above. Any records of official business are subject to the Federal Records Act and FOIA regardless of whether they are stored outside of government files, accounts, or devices. Particularly as most government employees have been working from home over the past two years, those employees accessed emails or printed documents on personal devices. And as made clear by multiple news reports[5] and prior lawsuits,[6] such government records already existed in custodians' personal devices, accounts, or files and the Agency may not decline to search those personal devices, accounts, or files by relying on a policy or procedure that requires government employees to move official business from their personal systems to the official system.

### *Vaughn* Index

Agencies review records under a presumption of disclosure. FOIA Improvement Act, Pub. L. No. 114-185, 130 Stat. 538 (2016).[7] If you locate responsive records and determine you intend to withhold any part of the record as exempt from disclosure, please provide AIDEA with an index of the withheld information for each document as required under *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). If you locate responsive records that you believe are partially exempt from disclosure, please disclose any reasonably segregable non-exempt portion of the requested record and indicate the withheld information for each document in the *Vaughn* index. *See* 5 U.S.C. § 552(b). If you locate responsive records that you believe are entirely exempt from disclosure or the exempt elements of the document are so intertwined with the non-exempt portions of the document that you cannot segregate out non-exempt information, please explain for each document in the *Vaughn* index what is non-exempt within the particular record and how it is dispersed through the record. *Vaughn* indices must describe each exempt document or portion of a document with sufficient specificity and provide "detailed justification" explaining why

---

[5] FBI Director James B. Comey acknowledged that "there is evidence that [Secretary Clinton and her colleagues] were extremely careless in their handling of very sensitive, highly classified information" held on a private email server. *Statement by FBI Director James B. Comey on the Investigation of Secretary Hillary Clinton's Use of a Personal E-Mail System,* FBI NATIONAL PRESS OFFICE (July 5, 2016); https://www.fbi.gov/news/pressrel/press-releases/statement-by-fbi-director-james-b-comey-on-the-investigation-of-secretary-hillary-clinton2019s-use-of-a-personal-e-mail-system.

[6] Only "one concrete examples of a personal email being used for official purposes" gives FOIA requesters the ability to require a search of a government official's private email account. *See Democracy Forward Found. v. US. DOC,* 474 F. Supp. 3d 69, 76 (D.D.C. 2020) (citation omitted). Federal IT officials observed earlier this year that "some employees [have] ... let their guards down" and are using "personal devices." Rick Vanover, *Remote work and disposable tech may put government data at risk,* GCN (Jan. 4, 2021), https://gcn.com/articles/2020/12/23/byod-risks.aspx. DOI recently admonished its employees to be cautious of various ethics rules when "using a personal computer or smartphone while on duty." *Ethics Reminder During COIVD-19 Pandemic,* DEP'T OF INTERIOR (Last Ed. Sept. 29, 2021), https://www.doi.gov/employees/ethics-reminder-during-covid-19-pandemic-0.

[7] *See also U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 774 (1989) ("[T]he basic purpose of the [FOIA is] 'to open agency action to the light of public scrutiny.'" (citation omitted)).

# Birch Horton Bittner & Cherot

*a professional corporation*

a particular exemption applies and to which part of the document it applies to. [8]  Other required information in *Vaughn* indices includes basic factual material about each withheld record or portion of a record, including the originator, date, length, general subject matter, and location of each item.

## Record Preservation

AIDEA' s interest in the requested records is of great concern to its constituents, and as such the State of Alaska intends to enforce its right to access the requested records under FOIA in legal proceedings if necessary.  Please institute a preservation hold on records responsive to this FOIA request under 43 C.F.R. § 2.51 and inform relevant custodians to preserve potentially responsive[9] records, as such litigation is reasonably foreseeable.

## Record Production

AIDEA welcomes any discussion necessary to clarify the searches requested above and is willing to work with the agency to ensure efficient and reasonable production of responsive documents. Please provide any documents stored as Electronically Stored Information individually in the native file type, and not as batched files.  This includes e-mail (whether sent, received or drafted), word processing files, tables, charts, graphs and database files, electronic calendars, proprietary software files, and spreadsheets.  ESI can also be provided in the form of a load file that includes a common file type (TIFF, HTML, PDF) while maintaining access to the native file and its source data, including the ability to keyword search documents.   Once responsive documents are located, please provide them in the requested electronic form by email or via a .TIFF file in a USB drive to be sent via mail within 20 working days to:

> Birch Horton Bittner & Cherot
> Attn: Mara Michaletz
> 510 L Street, Suite 700
> Anchorage, Alaska 99501

5 U.S.C. § 552(a)(6)(A)(i).  Failure to comply with statutory timelines may result in the aforementioned litigation to ensure timely receipt of the requested records.  And while we

---

[8] While a "detailed justification" has long been required to claim material is deliberative under Exemption 5, *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977), courts recently clarified that standard requires "that agencies must concretely explain how disclosure 'would' - not 'could' - adversely impair internal deliberations."  *Reporters Comm. for Freedom of the Press v. FBI*, No. 20-5091, 2021 U.S. App. LEXIS 19762, at *33 (D.C. Cir. July 2, 2021).

[9] If responsive "documents in the possession of the agency at the time of the FOIA request" are destroyed prior to production, the "appropriate remedy" may range from "[r]econstruction of the destroyed documents to the extent possible," payment of the opposing party's legal fees, or deposition of top officials whose documents were destroyed.  *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 66-68 (D.D.C. 2003).

# Birch Horton Bittner & Cherot

*a professional corporation*

understand that COVID may impact your processing timeline, [10] "FOIA's statutory time limits remain."[11] Therefore, **please send documents on a rolling basis**, completing searches for digitally available information and producing those results before searching for hard copy records. The search for - or deliberations concerning - certain records should not delay the production of others that have been retrieved and selected for production. *See generally* 43 C.F.R. § 2.16 (describing DOI response deadlines).

AIDEA looks forward to working with you on this request. If you have any questions or foresee delays in producing the requested records, please contact the undersigned at mmichaletz@bhb.com or 907-276-1550.

Sincerely,

BIRCH HORTON BITTNER & CHEROT

Mara E. Michaletz

MEM:nsw

---

[10] *Make a Freedom of Information Act (FOIA) Request,* DEP'T OF INTERIOR, https://www.doi.gov/foia/make-a-request (We are continuing to process FOIA requests to the best of our ability during the COVID-19 pandemic.... If your request is for hard copy records, the response to your request will very likely be delayed.").

[11] *Guidance for Agency FOIA Administration in Light of COVID-19 Impacts,* DEP'T OF JUSTICE (May 28, 2020), https://www.justice.gov/oip/guidance-agency-foia-administration-light-covid-19-impacts.

EXHIBIT 2

 

# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Alaska State Office
222 West Seventh Avenue, #13
Anchorage, Alaska 99513-7504
www.blm.gov/alaska

November 28, 2023

In Reply Refer To:
1278 (AK9540)
FOIA# DOI-BLM-2024-000171

Mara Michaletz, Partner
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage AK 99501

By email: mmichaletz@bhb.com

Dear Ms. Michaletz:

This letter acknowledges receipt of your amended Freedom of Information Act (FOIA) request, dated November 21, 2023 and received by the Bureau of Land Management (BLM) Alaska State Office on November 21, 2023. The original request, DOI- BLM-2023-001602, was dated December 30, 2022, and received by the Bureau of Land Management (BLM) Alaska State Office on January 9, 2023.Your amended request was added to our tracking database and assigned control number DOI-BLM-2024-000171. Please reference this control number in all subsequent correspondence concerning your request.

In your FOIA request, you stated:

*"Requested Records:*

1. *Transition Team Communications*

    A. *All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between the following current or former government employees in Table A and any member of the Biden Transition team in the first column of Table A, from October 1, 2020 through the date of the search, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program.*

*Table A: Employees*

| Department of Interior ("DOI") Agency Review Team ("ART") | Bureau of Land Management ("BLM") | Fish & Wildlife Services ("FWS") |
|---|---|---|
| • *Kevin Washburn*<br>• *Bret Birdsong*<br>• *Shannon Estenoz*<br>• *Chris Goranson*<br>• *Janie Hipp*<br>• *Kate Kelly*<br>• *Elizabeth Klein*<br>• *Amanda Leiter*<br>• *Molly McUsic*<br>• *Maggie Thomas*<br>• *Tanya Trujillo* | • *Laura Daniel-Davis*<br>• *Neil Kornze*<br>• *Michael Nedd*<br>• *Jeff Krauss*<br>• *Nada Culver*<br>• *Lloyd Miller*<br>• *Heather Kendall-Miller* | • *Martha Williams*<br>• *Stephen Guertin*<br>• *Bryan Arroyo*<br>• *Bud Cribley*<br>• *Greg Seikanec (Regional Director, Alaska Region)* |

A. *All emails sent to or from the following list of current or former government employees in Table A in which the domains "buildbackbetter.com", "buildbackbetter.gov", or "ptt.gov", are in email addresses in the "To", "From", "CC", "BCC", "Subject", or "Body" fields of the email, and which pertain to any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.*

2. *All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees in Table B, and with any person who is not an employee of the U.S. Federal or State Government or who communicates via an email account using any of the following domain names: ".com," ".org," ".net," ".alaska.gov," ".int," ".info," and ".biz." or ".edu.," regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.*

*Table B: Employees*

| BLM Alaska Federal Employees |
|---|

2

- *Ted Murphy*
- *Erika Reed*
- *"Chel" Ethun*
- *Tim Lamarr*

---

- Geoff Byersdorf
- Kevin Pendergast
- Chad Padgett

3. *All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees with David Hayes, Special Assistant to the President for Climate Policy, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from November 1, 2020 through the date of the search:*

| DOI | BLM | FWS |
|---|---|---|
| • *Laura Daniel-Davis*<br>• *Lloyd Miller*<br>• *Heather Kendall-Miller* | • *Neil Kornze*<br>• *Bud Cribley*<br>• *Michael Nedd*<br>• *Jeff Krauss*<br>• *Nada Culver* | • *Martha Williams*<br>• *Stephen Guertin*<br>• *Bryan Arroyo*<br>• *Bud Cribley*<br>• *Greg Seikanec (Regional Director, Alaska)* |

4. *Personal emails and texts sent by the following list of employees from January 20, 2021 through the date of the search.*

   A. *All communications, including any attachments, made or received in connection with the transaction of government business regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, using any nongovernmental email account or nongovernmental communications device established, controlled, or used by the following employees.*

| DOI | BLM |
|---|---|
| • *Laura Daniel-Davis* | • *Nada Culver*<br>• *Ted Murphy*<br>• *Erika Reed* |

3

5. *Calendars*

*All calendars or calendar entries for the following individuals, including any calendars maintained on behalf of these individuals (e.g., by an administrative assistant), regarding ay aspect of the*

*Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from January 20, 2021 through the date of the search:*

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Ted Murphy<br>• Erika Reed |

*AIDEA requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars alone. Please produce any responsive document be it paper or electronic, available on a government-issued or personal device used to track or coordinate the time the individual allocates to agency business.*

6. *Ambler Access Project Communications with Third Parties*

*All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between persons listed in the following table and with any person who is not an employee of the U.S. Federal Government regarding the Ambler Road Project. Please search from January 1, 2021 through the date of the search.*

| DOI | BLM |
|---|---|
| • Laura Daniel – Davis | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein |

7. *Ambler Access Project Decision Documents*

*All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between or internal to any department or agency), which concern, reflect, relate to, or include:*

4

(1) *Any determination, discussion, or identification of deficiencies within the Ambler Road Final Environmental Impact or Joint Record of Decision, whether technical or procedural;*

(2) *Any determination, discussion, or identification of the grounds on which the Any determination, discussion, or identification of the grounds on which the decision was made to seek a voluntary remand of the Joint Record of Decision; and*

(3) *Any determination, discussion, or identification of what would need to be done to correct the alleged deficiencies in the Ambler Road Final Environmental Impact or Joint Record of Decision.*

*Please search from January 1, 2021 through the date of the search, and search communications from the following individuals:*

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis<br>• Deb Haaland<br>• Tommy Beaudreau | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein |

*8. Ambler Access Programmatic Agreement Documents*

*All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between or internal to any department or agency), <u>or</u> that "officials within the United States Department of the Interior exchanged"[1] with any tribe or tribal organization, or with any person who is not an employee of the U.S. Federal Government, and which relate to:*

(1) *Interpretation of the Ambler Mining District Industrial Access Road Section 106 Programmatic Agreement ("Programmatic Agreement");*

(2) *The scope of BLM's authority under the Programmatic Agreement; or*

(3) *The scope of development, construction, or other fieldwork activities subject to the Programmatic Agreement.*

*Please search from January 1, 2020 through the date of the search, and search communications from the following individuals:*

| DOI | BLM |
|---|---|
| | |

| • Laura Daniel-Davis | • Nada Culver |
| • Deb Haaland | • Steve Cohn |
| • Tommy Beaudreau | • Kevin Pendergast |

| | • Tracy Stone-Manning |
| | • Tom Heinlein |
| | • Erika Reed |
| | • Geoff Byersdorf |
| | • Time LaMarr |
| | • Serena Sweet |
| | • Mark Lawyer |

9. *Coastal Plain Oil & Gas Leases*

A. *All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from Laura Daniel-Davis regarding the Secretary of Interior's review of the Coastal Plain Oil and Gas Leasing Program as directed by EO 13990. Please search communications dating from January 1, 2021 through the date of the search.*

B. *All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from Laura Daniel-Davis regarding the additional scientific analysis that informed the Secretary of Interior's decision to issue Secretarial Order 3401 and "conduct a new, comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program.[2] Please search records dating from January 1, 2021 through the date of the search.*

C. *All documents on which the Secretary of Interior relied upon to conclude that a "new comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program was necessary. Please search records dating from January 1, 2021 through the date of the search.*

D. *All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from Chad Padgett or Kevin Pendergast regarding the*

6

*intended timeline for the Final EIS for the*

*Coastal Plain Oil and Gas Program and any expected updates to the EIS. Please search records dating from January 1, 2019 to June 1, 2021.*

E. *All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from the following list of employees regarding the decision to rescind Secretarial Order 3380. Please search records dating from January 1, 2020 to the date of the search.*

| DOI | BLM |
|-----|-----|
| • *Laura Daniel-Davis* | • *Nada Culver* |
| | • *Neil Kornze* |

10. DOI Delegations

A. *All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding the delegation of authority of the Assistant Secretary Land and Minerals Management to Laura Daniel-Davis.*

*Please search communications dating from January 1, 2021 to the date of the search.*

B. *All records, including decision memoranda, documenting the delegation of authority of the Assistant Secretary Land and Minerals Management to Laura Daniel-Davis.*

*Please search records dating from January 1, 2021 to the date of the search.*

11. Recusals

A. *All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding recusals due to conflicts of interest by the following employees, or reflecting the recusals, including Screening Arrangements, written recusals, and recusal notifications,[3] that are or were in place for the following employees:*

7

| DOI | DOI – Office of the Solicitor | BLM |
|-----|-------------------------------|-----|
| • *Laura Daniel-Davis* | • *Robert (Bob) Anderson*<br>• *Natalie Landreth* | • *Nada Culver* |

*Please search communications dating from January 1, 2020 to the date of the search.*

*12. DOI - Office of the Assistant Secretary - Land and Mineral Management*

*The memorandum sent by Acting Assistant Secretary Laura Daniel-Davis in February 2021 instructing the Alaska State Director's office and staff to halt activity and communications regarding the ANWR lease sale.*

*13. DOI-Tribal Consultation*

*All communications, including requests for tribal consultation and any responses, between the Department of Interior's Office of the Secretary, Office of the Solicitor, Director of BLM, or the FWS Regional Director and Kaktovik tribal members or representatives regarding ANWR leases or seismic permits from November 2, 2020 through the date of the search*

*14. Records provided to previous request*

*All documents previously provided to the following requester:*

*Citizens for Responsibility & Ethics in Washington to the Department of Interior and the Bureau of Land Management (Request submitted November 20, 2020), https://www.citizensforethics.org/wp-content/uploads/2020/12/11.20.20- CREW_BLM_ID_ANWR-FOIA-1.pdf.*

*15. Records discussing this request*

*Any records describing the processing of the above requests, including the search terms used, the custodians searched, and any tracking documents created in the process of fulfilling the request. If individual custodians fill out FOIA questionnaires or certifications that the custodian completed a search, those records are responsive to this request.[4]*

*In developing your search, please be advised that a "reasonable search" as required by law may not rely solely on custodian-driven searches now that the government is required to manage information electronically. Particularly where the agency has adopted the National Archives and Records Administration (NARA) Capstone program or a similar policy, the agency must search a*

8

| DOI | DOI – Office of the Solicitor | BLM |
|---|---|---|
| • Laura Daniel-Davis | • Robert (Bob) Anderson<br>• Natalie Landreth | • Nada Culver |

*Please search communications dating from January 1, 2020 to the date of the search.*

16. *DOI - Office of the Assistant Secretary - Land and Mineral Management*

*The memorandum sent by Acting Assistant Secretary Laura Daniel-Davis in February 2021 instructing the Alaska State Director's office and staff to halt activity and communications regarding the ANWR lease sale.*

17. *DOI-Tribal Consultation*

*All communications, including requests for tribal consultation and any responses, between the Department of Interior's Office of the Secretary, Office of the Solicitor, Director of BLM, or the FWS Regional Director and Kaktovik tribal members or representatives regarding ANWR leases or seismic permits from November 2, 2020 through the date of the search*

18. *Records provided to previous request*

*All documents previously provided to the following requester:*

*Citizens for Responsibility & Ethics in Washington to the Department of Interior and the Bureau of Land Management (Request submitted November20, 2020), https://www.citizensforethics.org/wp-content/uploads/2020/12/11.20.20- CREW_BLM_ID_ANWR-FOIA-1.pdf.*

19. *Records discussing this request*

*Any records describing the processing of the above requests, including the search terms used, the custodians searched, and any tracking documents created in the process of fulfilling the request. If individual custodians fill out FOIA questionnaires or certifications that the custodian completed a search, those records are responsive to this request.[4]*

*In developing your search, please be advised that a "reasonable search" as required by law may not rely solely on custodian-driven searches now that the government is required to manage information electronically. Particularly where the agency has adopted the National Archives and Records Administration (NARA) Capstone program or a similar policy, the agency must search a custodian's records using the most up-to-date technology and disclose responsive records whether they are recovered from deletion or are still present in the custodian's files. That said, custodian searches are still required to ensure all .PST files, local drives or accounts, personal accounts, or physical documents are included in the search for responsive records. AIDEA seeks all responsive records regardless of format and no category of material should be omitted from search, collection, and production of these records.*

*In conducting the above searches, please ensure all records that could contain agency*

9

*business are included in the search. You may not exclude files, emails, electronic communications, or text communications that are in the personal custody of the custodians outlined above. Any records of official business are subject to the Federal Records Act and FOIA regardless of whether they are stored outside of government files, accounts, or devices. Particularly as most government employees have been working from home over the past two years, those employees accessed emails or printed documents on personal devices. And as made clear by multiple news reports[5] and prior lawsuits,[6] such government records already existed in custodians' personal devices, accounts, or files and the Agency may not decline to search those personal devices, accounts, or files by relying on a policy or procedure that requires government employees to move official business from their personal systems to the official system.*

## *Vaughn Index*

*Agencies review records under a presumption of disclosure. FOIA Improvement Act, Pub. L. No. 114-185, 130 Stat. 538 (2016).[7] If you locate responsive records and determine you intend to withhold any part of the record as exempt from disclosure, please provide AIDEA with an index of the withheld information for each document as required under Vaughn v. Rosen, 484 F.2d 820,*

*827 (D.C. Cir. 1973). If you locate responsive records that you believe are partially exempt from disclosure, please disclose any reasonably segregable non-exempt portion of the requested record and indicate the withheld information for each document in the Vaughn index. See 5 U.S.C. § 552(b). If you locate responsive records that you believe are entirely exempt from disclosure or the exempt elements of the document are so intertwined with the non-exempt portions of the document that you cannot segregate out non-exempt information, please explain for each document in the Vaughn index what is non-exempt within the particular record and how it is dispersed through the record. Vaughn indices must describe each exempt document or portion of a document with sufficient specificity and provide "detailed justification" explaining why a particular exemption applies and to which part of the document it applies to. [8] Other required information in Vaughn indices includes basic factual material about each withheld record or portion of a record, including the originator, date, length, general subject matter, and location of each item.*

## *Record Preservation*

*AIDEA' s interest in the requested records is of great concern to its constituents, and as such the State of Alaska intends to enforce its right to access the requested records under FOIA in legal proceedings if necessary. Please institute a preservation hold on records responsive to this FOIA request under 43 C.F.R. § 2.51 and inform relevant custodians to preserve potentially responsive[9] records, as such litigation is reasonably foreseeable.*

## *Record Production*

*AIDEA welcomes any discussion necessary to clarify the searches requested above and is willing to work with the agency to ensure efficient and reasonable production of responsive documents. Please provide any documents stored as Electronically Stored Information individually in the native file type, and not as batched files. This includes e-mail (whether sent, received or drafted), word processing files, tables, charts, graphs and database files, electronic calendars, proprietary software files, and spreadsheets. ESI can also be provided in the form of a load file that includes a common file type (TIFF, HTML, PDF)*

10

*while maintaining access to the native file and its source data, including the ability to keyword search documents. Once responsive documents are located, please provide them in the requested electronic form by email or via a .TIFF file in a USB drive to be sent via mail within 20 working days to:*

> *Birch Horton Bittner &*
> *Cherot Attn: Mara*
> *Michaletz*
> *510 L Street, Suite 700*
> *Anchorage, Alaska 99501"*

We use Multitrack Processing to process FOIA requests. The Simple track is for requests that would generally take one to five workdays to process. The Normal track is for requests that would generally take six to twenty workdays to process. The Complex track is for requests that would generally take twenty-one to sixty workdays to process. The Extraordinary/Voluminous track is for requests that would generally take more than sixty workdays to process. The Expedited track is for requests that have been granted expedited processing. Within each track, requests are usually processed on a first-in, first-out basis.

Your request falls into the extraordinary/voluminous processing track. Presuming that BLM Alaska's current FOIA request capacity remains constant, we estimate that we will dispatch a determination to you by May 13, 2024. However, please be advised that this release will not include any records that are currently in control of BLM- Headquarters, or other agencies/offices named in DOI-BLM-2024-000171.

An initial interim release of BLM Alaska responsive records for FOIA Request DOI-BLM-2023-001602 were transmitted to the previous requestor, Mr. Parker, from BLM Alaska, on February 2, 2023. Please advise if you received a release copy. All subsequent releases of responsive records in the control of BLM Alaska will follow separately from any records released from BLM Headquarters or other agencies/offices named in DOI-BLM-2024-000171. Additionally, as indicated in the above-referenced FOIA request, you have agreed to accept a rolling release of responsive records as they become available, from not only BLM Alaska, but also from BLM Headquarters and other agencies/offices named in DOI-BLM-2024-000171.

You may narrow the scope of your request to obtain quicker processing in your currently assigned track or move the request into a different track (which may have the effect of reducing the cost of processing your request and having it processed more quickly). If you have any questions about this, please contact us.

Per your FOIA request in FOIAXpress you are classified as a "commercial use" requester. Under a commercial category we can charge for everything, search, review, duplication. *A request for documents appearing to be for commercial use, meaning a request from or on behalf of one whom seeks information for a use or purpose that furthers the commercial, trade, or profit interests,* **which can include furthering those interests through litigation, of either the requester or the person on whose behalf the request is made***, it will assess charges to recover the full direct costs of searching for, reviewing for release, and duplicating the records sought.* As such, we may charge you for all search, review, and duplication costs for processing this

request. See 43 C.F.R. § 2.39. However, if our processing costs are less than $50.00, we will not bill you because the cost of collection would be greater than the fee collected. See 43 C.F.R. § 2.37(g). If this was selected in error please advise as soon as possible.

Per the email dated September 12, 2023 from David Gross, you are willing to pay fees for this request up to $7500.00. We will advise you, should it become evident that processing this request will exceed that limit.

## **Appeal Rights**

You may appeal this response to the FOIA/Privacy Act Appeals Officer. If you choose to appeal, the FOIA/Privacy Act Appeals Officer must receive your FOIA appeal no later than 90 workdays from the date of this final letter.

**Your appeal must be made in writing.** You may submit your appeal and accompanying material to the FOIA/Privacy Act Appeals Officer by mail, courier service, fax, or email. Your appeal should be clearly marked, both on the envelope and the face of the appeal letter, with the words: "FREEDOM OF INFORMATION APPEAL." In your appeal, you must provide a detailed explanation of why you believe the BLM's response is in error, including any information you may have that led you to believe that responsive records do, in fact, exist and where those records might be found, if the location is known to you.

You must also include with your appeal copies of all correspondence between you and the BLM concerning your FOIA request, including your original FOIA request and the BLM's response. Failure to include this documentation with your appeal will result in the Department's rejection of your appeal, unless the FOIA/Privacy Act Appeals Officer determines (in the FOIA/Privacy Act Appeals Officer's sole discretion), that good cause exists to accept the defective appeal.

Please include your name and daytime telephone number (or the name and telephone number of an appropriate contact), email address, and fax number (if available), in the event the FOIA/Privacy Act Appeals Officer requires additional information or clarification regarding your appeal. Please send your written appeal to:

U.S. Department of the Interior          Telephone: (202) 208-5339
Office of the Solicitor                   Fax: (202) 208-6677
Attn: FOIA/Privacy Act Appeals Officer    Email: FOIA.Appeals@sol.doi.gov
1849 C Street NW
MS-6556 MIB
Washington, DC 20240


## **Dispute Resolution and Mediation Services**

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a

non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
E-mail: ogis@nara.gov
Web: https://www.archives.gov/ogis
Telephone: (202) 741-5770
Fax: (202) 741-5769
Toll-free: 1-877-684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the Department's FOIA/Privacy Act Appeals Officer. If you have any questions about our response to your request, you may contact Ryan Witt, by telephone at (202) 912-7562, by fax at (202) 245-0050, by email at rwitt@blm.gov, or by mail at 1849 C Street NW, Washington, DC 20240.

Contact information for the Department's FOIA Public Liaison, from whom you may also seek dispute resolution services, is available at https://www.doi.gov/foia/foiacenters.

<u>**Conclusion**</u>

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010)). This response is limited to those records that are subject to the requirements of the FOIA. This is standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you have any questions regarding your FOIA request, you may contact BLM Alaska FOIA Officer (Acting), Shaina Fisher DeOco, by email at BLM_AK_FOIA@BLM.gov, or by mail at 222 West Seventh Ave., #13, Anchorage, Alaska 99513-7504.

Sincerely,

**Shaina Fisher DeOca**
Digitally signed by Shaina Fisher DeOca
Date: 2023.11.28 14:30:07 -09'00'

Shaina Fisher DeOca
FOIA/Privacy Officer (Acting)
Bureau of Land Management-Alaska

EXHIBIT 3



**United States Department of the Interior**
OFFICE OF THE SECRETARY
Washington, DC 20240

November 30, 2023

Via Electronic Mail: mmichaletz@bhb.com

Mara Michaletz
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, AK 99501

RE: Freedom of Information Act (FOIA) Request No. DOI-OS-2024-000083

Dear Mara Michaletz:

The Office of the Secretary (OS) FOIA Office received your FOIA request, dated November 21, 2023, on November 22, 2023 and assigned it control number DOI-OS-2024-000083. Please cite this number in any future communications with our office regarding your request.

<u>**Description of the Requested Records**</u>

You requested:

**1. Transition Team Communications**

    A. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between the following current or former government employees in **Table A** and any member of the Biden Transition team in the first column of Table A, from October 1, 2020 through the date of the search, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program.

**Table A:** Employees

| Department of Interior ("DOI") Agency Review Team ("ART") | Bureau of Land Management ("BLM") | Fish & Wildlife Services ("FWS") |
|---|---|---|
| | | |

1

| | | |
|---|---|---|
| • Kevin Washburn<br>• Bret Birdsong<br>• Shannon Estenoz<br>• Chris Goranson<br>• Janie Hipp<br>• Kate Kelly<br>• Elizabeth Klein<br>• Amanda Leiter<br>• Molly McUsic<br>• Maggie Thomas<br>• Tanya Trujillo | • Laura Daniel-Davis<br>• Neil Kornze<br>• Michael Nedd<br>• Jeff Krauss<br>• Nada Culver<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Martha Williams<br>• Stephen Guertin<br>• Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska Region) |

B. All emails sent to or from the following list of current or former government employees in **Table A** in which the domains "buildbackbetter.com", "buildbackbetter.gov", or "ptt.gov", are in email addresses in the "To", "From", "CC", "BCC", "Subject", or "Body" fields of the email, and which pertain to any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.

**2.** All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees in **Table B**, and with any person who is not an employee of the U.S. Federal or State Government or who communicates via an email account using any of the following domain names: ".com," ".org," ".net," ".alaska.gov," ".int," ".info," and ".biz." or ".edu.," regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.

**Table B:** Employees

| BLM Alaska Federal Employees |
|---|
| • Ted Murphy |
| • Erika Reed |
| • "Chel" Ethun |
| • Tim Lamarr |
| • Geoff Byersdorf |
| • Kevin Pendergast |
| • Chad Padgett |

**3.** All records reflecting communications (including emails and email attachments, text

2

messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees with David Hayes, Special Assistant to the President for Climate Policy, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from November 1, 2020 through the date of the search:

| DOI | BLM | FWS |
|---|---|---|
| • Laura Daniel-Davis<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Neil Kornze<br>• Bud Cribley<br>• Michael Nedd<br>• Jeff Krauss<br>• Nada Culver | • Martha Williams<br>• Stephen Guertin<br>• Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska) |

**4. Personal emails and texts** sent by the following list of employees from January 20, 2021 through the date of the search.

A. All communications, including any attachments, made or received in connection with the transaction of government business regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, using any nongovernmental email account or nongovernmental communications device established, controlled, or used by the following employees.

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver<br>• Ted Murphy<br>• Erika Reed |

**5. Calendars**

All calendars or calendar entries for the following individuals, including any calendars maintained on behalf of these individuals (e.g., by an administrative assistant), regarding ay aspect of the Ambler Road Project or Artic National Wildlife Refuge Coastal Plain Oil and Gas Program, from January 20, 2021 through the date of the search:

| DOI | BLM |
|---|---|

3

| | |
|---|---|
| • Laura Daniel-Davis | • Nada Culver |
| | • Ted Murphy |
| | • Erika Reed |

AIDEA requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars alone. Please produce any responsive document be it paper or electronic, available on a government-issued or personal device used to track or coordinate the time the individual allocates to agency business.

## 6. Ambler Access Project Communications with Third Parties

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between persons listed in the following table and with any person who is not an employee of the U.S. Federal Government regarding the Ambler Road Project. Please search from January 1, 2021 through the date of the search.

| DOI | BLM |
|---|---|
| • Laura Daniel – Davis | • Nada Culver |
| | • Steve Cohn |
| | • Kevin Pendergast |
| | • Tracy Stone-Manning |
| | • Tom Heinlein |

## 7. Ambler Access Project Decision Documents

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between or internal to any department or agency), which concern, reflect, relate to, or include:

> (1) Any determination, discussion, or identification of deficiencies within the Ambler Road Final Environmental Impact or Joint Record of Decision, whether technical or procedural;

> (2) Any determination, discussion, or identification of the grounds on which the

4

decision was made to suspend the right-of-way authorizations for the Ambler Road project;

(3) Any determination, discussion, or identification of the grounds on which the decision was made to seek a voluntary remand of the Joint Record of Decision; and

(4) Any determination, discussion, or identification of what would need to be done to correct the alleged deficiencies in the Ambler Road Final Environmental Impact or Joint Record of Decision.

Please search from January 1, 2021 through the date of the search, and search communications from the following individuals:

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis<br>• Deb Haaland<br>• Tommy Beaudreau | • Nada Culver<br>• Steve Cohn<br>• Kevin Pendergast<br>• Tracy Stone-Manning<br>• Tom Heinlein |

## 8. Ambler Access Programmatic Agreement Documents

All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between officers or employees of the federal government (between or internal to any department or agency), or that "officials within the United States Department of the Interior exchanged"[1] with any tribe or tribal organization, or with any person who is not an employee of the U.S. Federal Government, and which relate to:

(1) Interpretation of the Ambler Mining District Industrial Access Road Section 106 Programmatic Agreement ("Programmatic Agreement");

(2) The scope of BLM's authority under the Programmatic Agreement; or

(3) The scope of development, construction, or other fieldwork activities subject to the Programmatic Agreement.

Please search from January 1, 2020 through the date of the search, and search communications from the following individuals:

| DOI | BLM |
|---|---|

5

| | |
|---|---|
| • Laura Daniel-Davis | • Nada Culver |
| • Deb Haaland | • Steve Cohn |
| • Tommy Beaudreau | • Kevin Pendergast |
| | • Tracy Stone-Manning |
| | • Tom Heinlein |
| | • Erika Reed |
| | • Geoff Byersdorf |
| | • Time LaMarr |
| | • Serena Sweet |
| | • Mark Lawyer |

**9. Coastal Plain Oil & Gas Leases**

A. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Laura Daniel-Davis** regarding the Secretary of Interior's review of the Coastal Plain Oil and Gas Leasing Program as directed by EO 13990. Please search communications dating from January 1, 2021 through the date of the search.

B. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Laura Daniel-Davis** regarding the additional scientific analysis that informed the Secretary of Interior's decision to issue Secretarial Order 3401 and "conduct a new, comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program.[2] Please search records dating from January 1, 2021 through the date of the search.

C. All documents on which the Secretary of Interior relied upon to conclude that a "new comprehensive analysis" of the Coastal Plain Oil and Gas Leasing Program was necessary. Please search records dating from January 1, 2021 through the date of the search.

D. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from **Chad**

**Padgett** or **Kevin Pendergast** regarding the intended timeline for the Final EIS for the Coastal Plain Oil and Gas Program and any expected updates to the EIS. Please search records dating from January 1, 2019 to June 1, 2021.

E.  All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), sent to or from the following list of employees regarding the decision to rescind Secretarial Order 3380. Please search records dating from January 1, 2020 to the date of the search.

| DOI | BLM |
|---|---|
| • Laura Daniel-Davis | • Nada Culver |
| | • Neil Kornze |

**10. DOI Delegations**

A.  All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding the delegation of authority of the Assistant Secretary Land and Minerals Management to **Laura Daniel-Davis**.

Please search communications dating from January 1, 2021 to the date of the search.

B.  All records, including decision memoranda, documenting the delegation of authority of the Assistant Secretary Land and Minerals Management to **Laura Daniel-Davis**.

Please search records dating from January 1, 2021 to the date of the search.

**11. Recusals**

A.  All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable), regarding recusals due to conflicts of interest by the following

7

employees, or reflecting the recusals, including Screening Arrangements, written recusals, and recusal notifications,[3] that are or were in place for the following employees:

| DOI | DOI – Office of the Solicitor | BLM |
|---|---|---|
| • Laura Daniel-Davis | • Robert (Bob) Anderson<br>• Natalie Landreth | • Nada Culver |

Please search communications dating from January 1, 2020 to the date of the search.

## 12. DOI - Office of the Assistant Secretary - Land and Mineral Management

The memorandum sent by Acting Assistant Secretary Laura Daniel-Davis in February 2021 instructing the Alaska State Director's office and staff to halt activity and communications regarding the ANWR lease sale.

## 13. DOI-Tribal Consultation

All communications, including requests for tribal consultation and any responses, between the Department of Interior's Office of the Secretary, Office of the Solicitor, Director of BLM, or the FWS Regional Director and Kaktovik tribal members or representatives regarding ANWR leases or seismic permits from November 2, 2020 through the date of the search

## 14. Records provided to previous request

All documents previously provided to the following requester:

Citizens for Responsibility & Ethics in Washington to the Department of Interior and the Bureau of Land Management (Request submitted November 20, 2020), https://www.citizensforethics.org/wp-content/uploads/2020/12/11.20.20-  CREW_BLM_ID_ANWR-FOIA-1.pdf.

## 15. Records discussing this request

Any records describing the processing of the above requests, including the search terms used, the custodians searched, and any tracking documents created in the process of fulfilling the request. If individual custodians fill out FOIA questionnaires or certifications that the custodian completed a search, those records are responsive to this request.

**<u>Partial Release</u>**

8

We are writing to respond to your request.

We have determined that eight pages of documents fall under the cognizance of the Department of the Interior (DOI), Office of the Inspector General (OIG). The DOI OIG will issue a response directly to you. You do not have to contact the DOI OIG at this time, but should you need to do so in the future, you may do so at the number and address provided below:

> Department of the Interior
> MS-4428, MIB
> 1849 C Street, NW
> Washington, DC 20240
> Acting FOIA Officer: Ryan Mock
> Phone: (202) 208-0954
> Fax: (703) 487-5432
> Email: FOIA@doioig.gov

We have enclosed 1 Excel spreadsheet and 1 file consisting of 797 pages which are being released to you in part. Please note, this is specifically in response to item 14 of your request. Portions of the spreadsheet and file are being withheld under the following FOIA Exemptions:

## **Exemption 5**

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 therefore incorporates the privileges that protect materials from discovery in litigation, including the deliberative process, attorney work-product, attorney-client, and commercial information privileges. We are withholding approximately 232 pages in full and 19 pages and 1 spreadsheet in part under Exemption 5 because they qualify to be withheld both because they meet the Exemption 5 threshold of being inter-agency or intra-agency and under the following privileges:

*Attorney-Client Privilege*

The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice and is not limited to the context of litigation. Moreover, although it fundamentally applies to confidential facts divulged by a client to his/her attorney, this privilege also encompasses any opinions given by an attorney to his/her client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect confidential client-supplied information. The information that has been withheld under the attorney-client privilege of Exemption 5 constitutes confidential communications between agency attorneys and agency clients, related to legal matters for which the client sought professional legal assistance and services. Additionally, the OS employees who communicated with the attorneys regarding this information were clients of the attorneys at the time the information was generated and the attorneys were acting in their

capacities as lawyers at the time they communicated legal advice. Finally, the OS has held this information confidential and has not waived the attorney-client privilege.

*Attorney Work-Product Privilege*

As incorporated into Exemption 5, the attorney work-product privilege protects from disclosure any materials prepared by or for a party or its representative (including their attorney, consultant, surety, indemnitor, insurer, or agent) in anticipation of litigation or for trial. The privilege applies once specific claims have been identified that make litigation probable; the actual beginning of litigation is not required. Its purpose is to protect the adversarial trial process by insulating litigation preparation from scrutiny, as it is believed that the integrity of our system would suffer if adversaries were entitled to probe each other's thoughts and plans concerning the case. The privilege extends to administrative, as well as judicial proceedings. Once the determination is made that records are protected from disclosure by the attorney work-product privilege, the entire contents of those records are exempt from disclosure under FOIA.
The materials that have been withheld under Exemption 5 under the attorney work-product privilege were prepared by or for a Departmental attorney or Department of Justice attorney in reasonable anticipation of litigation and they reflect the parties pre-litigation thoughts and proposed response. Thus, we conclude that the withheld materials are protected in full from disclosure by the attorney work-product privilege of Exemption 5.

*Deliberative Process Privilege*

The deliberative process privilege protects the decision-making process of government agencies and encourages the frank exchange of ideas on legal or policy matters by ensuring agencies are not forced to operate in a fishbowl. A number of policy purposes have been attributed to the deliberative process privilege, such as: (1) assuring that subordinates will feel free to provide the decisionmaker with their uninhibited opinions and recommendations; (2) protecting against premature disclosure of proposed policies; and (3) protecting against confusing the issues and misleading the public.

The deliberative process privilege protects materials that are both predecisional and deliberative. The privilege covers records that reflect the give-and-take of the consultative process and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.

The materials that have been withheld under the deliberative process privilege of Exemption 5 are both predecisional and deliberative. They do not contain or represent formal or informal agency policies or decisions. They are the result of frank and open discussions among employees of the Department of the Interior. Their contents have been held confidential by all parties and public dissemination of this information would expose the agency's decision-making process in such a way as to discourage candid discussion within the agency, and thereby undermine its ability to perform its mandated functions.

10

The deliberative process privilege does not apply to records created 25 years or more before the date on which the records were requested.

## Exemption 6

Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). We are withholding approximately 30 pages in part under Exemption 6.

The phrase "similar files" covers any agency records containing information about a particular individual that can be identified as applying to that individual. To determine whether releasing records containing information about a particular individual would constitute a clearly unwarranted invasion of personal privacy, we are required to balance the privacy interest that would be affected by disclosure against any public interest in the information.

Under the FOIA, the only relevant public interest to consider under the exemption is the extent to which the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to. The burden is on the requester to establish that disclosure would serve the public interest. When the privacy interest at stake and the public interest in disclosure have been determined, the two competing interests must be weighed against one another to determine which is the greater result of disclosure: the harm to personal privacy or the benefit to the public. The purposes for which the request for information is made do not impact this balancing test, as a release of information requested under the FOIA constitutes a release to the general public.

The information that has been withheld under Exemption 6 consists of email addresses, phone numbers, phone access numbers, and other personal information, and we have determined that the individuals to whom this information pertains have a substantial privacy interest in withholding it. Additionally, you have not provided information that explains a relevant public interest under the FOIA in the disclosure of this personal information and we have determined that the disclosure of this information would shed little or no light on the performance of the agency's statutory duties. Because the harm to personal privacy is greater than whatever public interest may be served by disclosure, release of the information would constitute a clearly unwarranted invasion of the privacy of these individuals and we are withholding it under Exemption 6.

Ruthann Parise, OS Government Information Specialist is responsible for this denial.

Leah Bernhardi, Attorney-Advisor, Office of the Solicitor, Department of the Interior, Washington, D.C. was consulted.

We reasonably foresee that disclosure would harm an interest protected by one or more of the nine exemptions to the FOIA's general rule of disclosure.

We continue to review additional records that are responsive to your request.

Because this is an interim response to your request, we will provide notice of your appeal rights in our final response letter.

## **Mediation Services**

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road – OGIS
College Park, MD 20740-6001

Email: ogis@nara.gov
Web: https://www.archives.gov/ogis
Telephone: (202) 741-5770
Fax: (202) 741-5769
Toll-free: (877) 684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the Department's FOIA & Privacy Act Appeals Officer.

Contact information for the Department's FOIA Public Liaison, who you may also seek dispute resolution services from, is available at *https://www.doi.gov/foia/foiacenters*.

## **Conclusion**

If you have any questions about this letter, you may contact me by email at os_foia@ios.doi.gov, or by mail at U.S. Department of the Interior, 1849 C Street, NW, MS-7328, Washington, D.C. 20240. Additionally, contact information for the Department's FOIA Requester Centers and FOIA Public Liaison is available at *https://www.doi.gov/foia/foiacenters*.

Sincerely,

# RUTHANN PARISE

Digitally signed by
RUTHANN PARISE
Date: 2023.11.30
16:05:12 -05'00'

Ruthann Parise
Government Information Specialist
Office of the Secretary
FOIA Office

Electronic Enclosures

12

EXHIBIT 4



# United States Department of the Interior



## FISH AND WILDLIFE SERVICE
Washington D.C. 20240

In Reply Refer To:
FWS/FOIA

December 20, 2023

Ms. Mara Michaletz
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501

Dear Ms. Michaletz:

The U.S. Fish and Wildlife Service received your Freedom of Information Act (FOIA) request dated November 21, 2023, and assigned it control number DOI-FWS-2024-000130. Please cite this number in any future communications with our office regarding your request. Specifically, you are seeking the following:

**"1. Transition Team Communications**

    a. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages or any other communication app messages, telephone call logs, calendar entries, meeting agendas, meeting notes or memoranda, faxes, or any other physical or electronic records reflecting communications, including those that have been deleted or in draft form but are recoverable) between the following current or former government employees in **Table A** and any member of the Biden Transition team in the first column of Table A, from October 1, 2020 through the date of the search, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program.

    **Table A:** Employees

| Department of Interior ("DOI") Agency Review Team ("ART") | Bureau of Land Management ("BLM") | Fish & Wildlife Services ("FWS") |
|---|---|---|
| •   Kevin Washburn<br>•   Bret Birdsong | •   Laura Daniel-Davis<br>•   Neil Kornze | •   Martha Williams<br>•   Stephen Guertin |

| | | |
|---|---|---|
| • Shannon Estenoz<br>• Chris Goranson<br>• Janie Hipp<br>• Kate Kelly<br>• Elizabeth Klein<br>• Amanda Leiter<br>• Molly McUsic<br>• Maggie Thomas<br>• Tanya Trujillo | • Michael Nedd<br>• Jeff Krauss<br>• Nada Culver<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska Region) |

    b. All emails sent to or from the following list of current or former government employees in **Table A** in which the domains "buildbackbetter.com", "buildbackbetter.gov", or "ptt.gov", are in email addresses in the "To", "From", "CC", "BCC", "Subject", or "Body" fields of the email, and which pertain to any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program. Please search from October 1, 2020 through the date of the search.

3. All records reflecting communications (including emails and email attachments, text messages, Teams chats, iMessages, communication app messages, telephone call logs, calendar entries, meeting agendas, faxes, or any other records reflecting communications, including those that have been deleted or in draft form but are recoverable) sent from, to, cc'd, or bcc'd, the following list of current or former government employees with David Hayes, Special Assistant to the President for Climate Policy, regarding any aspect of the Ambler Road Project or Arctic National Wildlife Refuge Coastal Plain Oil and Gas Program, from November 1, 2020 through the date of the search:

| DOI | BLM | FWS |
|---|---|---|
| • Laura Daniel-Davis<br>• Lloyd Miller<br>• Heather Kendall-Miller | • Neil Kornze<br>• Bud Cribley<br>• Michael Nedd<br>• Jeff Krauss<br>• Nada Culver | • Martha Williams<br>• Stephen Guertin<br>• Bryan Arroyo<br>• Bud Cribley<br>• Greg Seikanec (Regional Director, Alaska) |

Based on your December 11, 2023 email, we additionally included Aurelia Skipwith and Margaret Everson to the search.

**13. DOI-Tribal Consultation**

All communications, including requests for tribal consultation and any responses, between the Department of Interior's Office of the Secretary, Office of the Solicitor, Director of BLM, or the FWS Regional Director and Kaktovik tribal members or representatives regarding ANWR leases or seismic permits from November 2, 2020 through the date of the search."

Thank you for your willingness to pay processing fees up to $250. For fee tracking purposes, your request has been placed in the "commercial use" category. In this category, we may charge you for duplication costs, search, and review fees, see 43 C.F.R. § 2.39. However, if our processing costs are less than $50.00, we will not bill you because the cost of collection would be greater than the fee collected (43 C.F.R. § 2.37(g)). If we find that this will not cover the cost of processing your request after your fee category entitlements, we will let you know before we incur additional charges. You can then either agree to pay the additional amount needed or narrow the scope of your request. We conducted an electronic search of email communications, and we anticipate charging for review fees only.

At this time, we have gathered the responsive material and conducted an initial survey to identify the quantity and nature of the records. However, we have not reached a final decision on whether responsive material is exempt from release.

We have identified approximately 1661 emails as potentially responsive to your request. We intend to comply with your request. We need to review the records to determine if we expect to invoke the deliberative process privilege and/or Attorney-Client privilege of Exemption 5. For all the materials, we will segregate and release information appropriately where there would be no foreseeable harm caused by the release.

We apologize for this delay in completing our decision. Please note that contact information for the Department's FOIA Requester Centers and FOIA Public Liaison is available at *https://www.doi.gov/foia/foiacenters.* You may also seek dispute resolution services from the Office of Government Information Services (OGIS). If you choose to contact OGIS, you may do so in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Your request falls into the "Complex" processing track. There are eleven requests pending ahead of yours in this processing track.

For your information, we use multitrack processing to process FOIA requests. The "simple" track is for requests that can be processed in one to five workdays. The "normal" track is for requests that can be processed in 6 to 20 workdays. The "complex" track is for requests that can be processed in 21 to 60 workdays. The "exceptional/voluminous" track is for requests requiring more than 60 workdays for processing. The "expedited" track is for requests that have been granted expedited processing. Within each track, requests are usually processed on a first-in, first-out basis. You may narrow the scope of your request to obtain quicker processing in your currently assigned track or move the request into a faster track.

If you have any questions regarding this request, please contact Government Information Specialist, David Tischer, by email at david_tischer@fws.gov.

Sincerely,

DAVID
TISCHER

Digitally signed
by DAVID
TISCHER
Date: 2023.12.20
17:27:11 -07'00'

FOIA Coordinator